PER CURIAM.
Terrance Maurice Garrison appeals his sentences for one count of robbery with a firearm and one count of aggravated assault with a firearm alleging three errors committed by the trial court in the imposition of sentence. Appellant contends the lower court erred in finding him to be an habitual violent offender on the armed robbery charge. He contends the lower court erred in finding him to be an habitual offender on the aggravated assault charge. Finally, he contends the lower court erred in imposing consecutive mandatory minimum sentences for the same crime.
As to the first issue, appellant argues that armed robbery is a first degree felony punishable by life and therefore is not subject to habitual offender treatment. We disagree. This court has resolved the issue adverse to the appellant in Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991).
As to the second issue, the appellant contends both convictions relied upon for habitual offender sentencing on the aggravated assault were entered on the same day and thus cannot constitute the requisite two prior convictions for habitual offender treatment. The court’s oral pronouncement at the sentencing hearing apparently found appellant to be an habitual violent felony offender, but the transcript and record are not clear. The written habitual offender order finds defendant to be both a habitual offender and a habitual violent felony offender. The judgment and sentence, however, impose only habitual offender sentencing on the robbery count, and make no habitual offender finding (violent felony or otherwise) as to the assault. Given the existence of this three-way conflict between the oral pronouncements and written documentation, the only solution is reversal and remand for resentencing. Although the court’s oral pronouncement would normally be controlling, the sentencing hearing transcript does not contain a clear indication of the court’s intent. In resentencing the appellant, the court’s attention is directed to the recent decision in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), review pending, no. 77,551 (Fla.).
Because of the requirement for resen-tencing in this case, we do not reach the third issue raised by appellant.
REVERSED and REMANDED for re-sentencing.
JOANOS, C.J., and SMITH and BARFIELD, JJ., concur.