PER CURIAM.
Terrance Garrison has appealed from sentencing as an habitual violent felony offender. We reverse, and remand for re-sentencing.
In July 1990, Garrison was charged with armed robbery and aggravated assault, which offenses occurred in April 1990. He was tried and convicted by jury, and sentenced as an habitual violent felony offender. This court reversed Garrison’s sentence based on inconsistencies in the record as to the exact nature of his sentence, Garrison v. State, 584 So.2d 642 (Fla. 1st DCA 1991), and he was re-sentenced in February 1992. At re-sentencing, the state again sought habitual violent felony offender classification, relying as before on two prior convictions of aggravated battery, and possession of cocaine. Garrison was again sentenced as an habitual violent felony offender.
Garrison argues that he could not properly be sentenced as such based on the unconstitutionality of section 775.084, Florida Statutes, as amended by Ch. 89-280, Laws of Florida. See Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), review pending Case No. 79,150. He points out that, as in Johnson, his crimes were committed between the October 1, 1989 effective date of Ch. 89-280, and its re-enactment on May 1, 1991, and further that he would not have been habitualized under the pre-amendment statute, i.e., aggravated battery was not a qualifying offense under that version.
The state does not argue that Garrison’s crimes were not committed during the period of unconstitutionality established in Johnson, nor does it contest Garrison’s argument that Johnson entitles him to a reversal of his habitual violent felony offender sentence. The state responds only that Garrison is precluded from raising the issue because he did not raise it before the trial court. This argument is without merit. See Claybourne v. State, 600 So.2d 516 (Fla. 1st DCA 1992). Therefore, the habitual violent felony offender sentence imposed herein is reversed, Johnson, and the case remanded for resentencing.
JOANOS, C.J., and BOOTH and WIGGINTON, JJ., concur.
ON MOTION FOR CERTIFICATION
PER CURIAM.
Appellee’s motion for certification is granted. We hereby certify the same question certified in Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), jurisdiction accepted S.Ct. Case Nos. 79,150 and 79,204 (consolidated).
JOANOS, C.J., and BOOTH and WIGGINTON, JJ., concur.