PER CURIAM.
Mark Moffett appeals an order denying his motion to correct sentence filed pursuant to rule 3.800, Florida Rules of Criminal Procedure. Moffett contends that his habitual felony offender sentences for dealing in stolen property in circuit court ease number 90-2952 and failure to appear in circuit court case number 91-2118 are illegal because: (1) in Johnson v. State, 616 So.2d 1 (Fla.1993), the supreme court held that chapter 89-280 violated the single subject rule and his offenses fall within the relevant window period of October 1,1989, through May 2,1991; and (2) he does not meet the criteria of section 775.084, Florida Statutes (1988), for habitual felony offender sentencing because all of his prior convictions were from out of state. The motion alleges that Moffett’s offenses were committed on August 11, 1990, (dealing in stolen property) and February 26, 1991, (failure to appear). Thus, all the offenses were committed prior to May 2, 1991, the date that chapter 91-44’s biennial reenactment of chapter 89-280, Laws of Florida, cured the single subject violation of chapter 89-280. Johnson. The motion additionally alleges that Moffett also is directly affected by the amendment to section 775.084 contained in chapter 89-280 that expanded the definition of habitual felony offenders to include defendants with “other qualified offenses,” because he had no prior felony convictions in Florida and, thus, did not qualify under the pre-amended version of the statute. These allegations are facially sufficient to establish a basis for relief; and since the accuracy of these allegations apparently can be determined from the record in this case, we must reverse the order denying relief and remand this 'cause for further proceedings. See Marshall v. State, 623 So.2d 1230 (Fla. 1st DCA 1993). On remand, the trial court may reimpose an enhanced sentence if the state produces sufficient evidence to allow proper findings pursuant to the habitual felony offender statute in effect before May 2, 1991.
REVERSED AND REMANDED.
ZEHMER, C.J., and BARFIELD and KAHN, JJ., concur.