SHIVERS, Senior Judge.
Johnny Mark Goshay appeals the trial court’s order denying his Rule 3.800(a) Motion for Correction of Sentence. Specifically, Goshay argues that his consecutive habitual offender sentences are illegal because they were imposed for acts occurring during a single criminal episode. We agree and reverse.
On February 20, 1990, Goshay was charged in a single information with possession of cocaine, resisting an officer with violence, and possession of paraphernalia. All of the offenses occurred on February 7,1990. According to the stipulation of facts introduced at Goshay’s plea hearing, Goshay struck a police officer in the face and chest after the officer attempted to frisk him. Go-shay was then subdued and arrested for resisting an officer with violence. The officer then searched Goshay’s jacket, finding a crack cocaine smoking pipe, which contained cocaine, and a cleaning rod for the pipe.
Goshay subsequently pled nolo contendere to the offenses of possession of cocaine (Count I), resisting an officer with violence (Count II), and possession of drug paraphernalia (Count III). He was adjudicated guilty and sentenced as an habitual felony offender to 10 years in prison for Count I, 10 years in prison for Count II (to run consecutive to the sentence for Count I), and one year in jail for Count III (to run concurrent to the sentences in Count I and II).
When a sentencing court uses the habitual offender statute to enhance sentences for offenses that occur during a single criminal episode, the court may not further enhance the penalties by ordering that the individual sentences be served consecutively. Brooks v. State, 630 So.2d 527 (Fla.1993); Hale v. State, 630 So.2d 521 (Fla.1993). In Hale, the Florida Supreme Court noted that the enactment of the habitual offender statute satisfied the legislature’s intent to provide for longer terms of incarceration for repeat felony offenders. 630 So.2d at 524. The Court further noted that
[w]e find nothing in the language of the habitual offender statute which suggests that the legislature also intended that, once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively.
Id. Accordingly, a trial court commits reversible error when it imposes consecutive habitual felony offender sentences for offenses committed during a single criminal episode. Walker v. State, 636 So.2d 207 (Fla. 1st DCA 1994); Dietrich v. State, 635 So.2d 148 (Fla. 2d DCA 1994).
Because the offenses for which Go-shay was convicted arose out of a single criminal episode, the trial court erred in both enhancing Goshay’s sentences by use of the habitual offender statute and imposing the sentence for Count II to run consecutive to the sentence for Count I. Accordingly, the trial court’s order denying Goshay’s Rule 3.800(a) motion should be reversed and the case remanded with directions that the sentence for Count II be imposed to run concur *215 rently with the sentences imposed in Counts I and III.
MICKLE, J., concurs.
LAWRENCE, J., concurs in result only.