LAZZARA, Judge.
Arthur Lee Henry appeals the trial court’s order denying as successive two motions for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Although we realize that Henry has inundated the trial court with numerous motions seeking relief from his sentences, we are compelled to reverse and remand under our recent opinion in Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994), for a determination of whether his sentences were imposed in violation of Hale v. State, 630 So.2d 521 (Fla.1993), which prohibits the imposition of consecutive habitual felony offender sentences for multiple crimes committed during the same criminal episode. We otherwise affirm.
Henry alleged that in May of 1990 the trial court sentenced him to consecutive habitual felony offender sentences for carrying a concealed firearm, possession of a firearm by a convicted felon, and possession of cocaine.[1] He claims that these crimes were committed during the course of a single criminal episode. Although he does not cite to Hale, he asserts that the Florida Supreme Court has determined that such a sentencing scheme is contrary to legislative intent.
We recently held in Callaway that the rule of Hale may be retroactively “raised under oath pursuant to rule 3.850 during the two-year period following Hale.” Callaway, 642 So.2d at 641. The Hale sentencing issue raised in Henry’s motion clearly falls within the ambit of Callaway.
Accordingly, we reverse as to that issue and remand for further proceedings. On remand, if the trial court again denies Henry relief without a hearing, it must attach to its order those portions of the record that conclusively refute his allegations. Otherwise, an evidentiary hearing will be necessary to determine whether Henry in fact committed his crimes during the course of a single criminal episode. See Willis v. State, 640 So.2d 220 (Fla. 2d DCA 1994) (addressing the concept of what constitutes a “single criminal episode”). Anyone aggrieved by the trial court’s subsequent action must file a timely notice of appeal to obtain further appellate review.
Affirmed in part, reversed in part, and remanded for further proceedings.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.

. Henry does not specify how much prison time he received for each offense, only that his total sentence was twenty-five years.