659 So.2d 309 (1994)
Curtis Luedo POOLE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-888.
District Court of Appeal of Florida, First District.
December 21, 1994.
Curtis Luedo Poole, pro se.
No appearance for appellee.
SHIVERS, Senior Judge.
Curtis Luedo Poole appeals the trial court's order denying his Rule 3.800(a) Motion to Correct Illegal Sentence. Poole, who was convicted pursuant to a jury verdict of possession of cocaine, resisting arrest with violence, and three counts of battery on a law enforcement officer, was sentenced to five consecutive ten-year sentences as an habitual offender. In his Motion to Correct Illegal Sentence, Poole raises four grounds, only one of which merits discussion. Specifically, Poole argues that the sentencing court improperly imposed consecutive mandatory minimum habitual violent felony offender sentences for acts arising from a single criminal episode.[1]
*310 Although Poole argues that his offenses occurred during a single criminal episode, a review of the record before us neither conclusively supports nor contradicts Poole's assertions.[2]
As a general rule, a post-conviction issue that requires an evidentiary hearing must be resolved under Florida Rule of Criminal Procedure 3.850. Nowlin v. State, 639 So.2d 1050 (Fla. 1st DCA 1994), Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994). As Judge Altenbernd wrote in Callaway:
Whether a prisoner's consecutive sentences arise from a single criminal episode is not a pure question of law. Resolution of this issue depends upon factual evidence involving the times, places and circumstances of the offenses... .
Appellant's claim may, thus, not be advanced pursuant to a Rule 3.800(a) motion. Nowlin v. State, supra. We affirm without prejudice to Mr. Poole's being able to challenge his sentencing in a properly sworn motion under Rule 3.850. See Borders v. State, 643 So.2d 110 (Fla. 2nd DCA 1994).
MICKLE and LAWRENCE, JJ., concur.
NOTES
[1] Our review of the record indicates that Poole was sentenced as an habitual felony offender and not as an habitual violent felony offender. Although the State originally sought to classify Poole as an habitual violent felony offender, defense counsel successfully argued at the sentencing hearing that Poole's prior record warranted only habitual felony offender status.
[2] The amended information indicates that the charges against Poole all occurred on May 4, 1989. A review of the transcript of the bond hearing indicates that the charges were a result of a stop by police officers, and a review of the transcript of the sentencing hearing indicates that the officers were scratched, bitten, or otherwise injured during the incident.