CAMPBELL, Judge.
Appellant maintains that he was improperly sentenced to two consecutive habitual offender sentences. We agree and, accordingly, vacate the sentences and remand for re-sentencing.
Appellant was convicted of possession of burglary tools and burglary of a structure and was found to be a habitual offender. The burglary tools that appellant was apprehended with, wire cutters and gloves, both were shown during trial to have been used during the burglary. The wire cutters had traces of the blackish-gray wire from the telephone junction box, and the right glove had a piece missing from the tip of one of the fingers that corresponded with a cut on appellant’s finger. The glass at the burgled restaurant had been broken by the perpetrator to gain entry, and a piece of skin was found on a piece of glass that was similar in size to the piece missing from appellant’s finger. The witness testified that he watched appellant break the drive-up window, enter the building and walk to the cash register. Shortly after the glass was broken, the alarm sounded. We believe these facts are sufficient to conclude that the crimes were committed simultaneously.
Under Hale v. State, 630 So.2d 521 (Fla.1993) and Smith v. State, at 632 So.2d 95 (Fla. 2d DCA 1994), a trial court may not impose habitual offender sentences and then run those sentences consecutively where the offenses are committed as part of the same criminal episode. Although the state maintains that Hale only applies to habitual violent felony offenders, we find no merit in this argument in light of language in Hale referring generally to all of section 775.084, Florida Statutes (1993), not only the provisions regarding habitual violent felony offenders. 630 So.2d at 524. See also Daniels v. State, 595 So.2d 952 (Fla.1992).
*1001 Accordingly, we vacate appellant’s consecutive habitual felony offender sentences and remand for resentencing.
RYDER, A.C.J., and PARKER, JJ„ concur.