654 So.2d 1176 (1994)
Terrance GARRISON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-4141.
District Court of Appeal of Florida, First District.
December 29, 1994.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Patrick Martin, Certified Legal Intern, and James W. Rogers, Asst. Atty. Gen., Department of Legal Affairs, Tallahassee, for appellee.
PER CURIAM.
Terrance Garrison's original sentences for armed robbery and aggravated assault were reversed, and the case was remanded for resentencing. Garrison v. State, 584 So.2d 642 (Fla. 1st DCA 1991). On appeal from the initial resentencing, the sentences were again reversed and the case was again remanded for resentencing. Garrison v. State, 607 So.2d 473 (Fla. 1st DCA 1992), aff'd sub nom. State v. Garrison, 616 So.2d 993 (Fla. 1993). The present appeal is from the second resentencing.
At the second resentencing, Garrison received a three-year habitual felony offender sentence for aggravated assault with a three-year mandatory minimum for the use of a firearm, imposed to run consecutively to a habitual offender life sentence for armed robbery, with a three-year mandatory minimum term for the use of a firearm. Because the armed robbery and aggravated assault formed part of a single criminal episode, we reverse.
The rule is that habitual offender sentences may be imposed to run consecutively only for separate and distinct crimes that do not occur in the course of a single criminal episode. Brooks v. State, 630 So.2d 527 (Fla. 1993); Hale v. State, 630 So.2d 521 (Fla. 1993); accord Daniels v. State, 595 So.2d 952 (Fla. 1992) (mandatory minimum violent habitual *1177 offender sentences attributable to single criminal episode must be concurrent); see Palmer v. State, 438 So.2d 1 (Fla. 1983) (mandatory minimum sentences for use of firearm in single criminal episode must be concurrent).
According to the convenience store clerk's testimony, after Garrison robbed her, he "went out of the store... . He turned around and walked back into the store and he pointed the gun at [the clerk] and he whispered, `Bitch, I want to kill you.'" In deciding whether separate crimes comprise a single criminal episode, "the court must consider whether separate victims are involved, whether the crimes occur in separate locations, and whether there has been a temporal break between the incidents." Woods v. State, 615 So.2d 197, 199 (Fla. 1st DCA 1993). Garrison's crimes involved the same victim at the same location. Although the record does not reveal how long Garrison was out of the store, we infer from the clerk's testimony that he did not leave the premises. The evidence suggests that any temporal break between the two crimes was too brief to support a finding that the offenses were not part of the same criminal episode. See Brooks; Young v. State, 631 So.2d 372 (Fla. 2d DCA 1994). The State did not, in any event, prove otherwise.
We reverse the imposition of consecutive sentences, and remand for resentencing in accordance with Hale and Palmer.
ALLEN and BENTON, JJ., concur.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting.
I respectfully dissent. The judgment of conviction and imposition of consecutive sentences for two crimes is supported by the record and in accord with the law as stated in Woods v. State, 615 So.2d 197 (Fla. 1st DCA 1993). The victim testified that appellant took the contents of the cash register and her wallet, and he "turned around and went out of the store." The victim further testified:
"And at that point [after taking the money], he turned around and went out of the store. And I thought everything was over. And then reality hit me. He turned around and walked back in the store and he pointed the gun at me and he whispered, `Bitch, I want to kill you.'"
I cannot agree with the majority that this court can "infer" from the testimony of the victim that the crimes were part of the same criminal episode. Since the record does not require that view of the evidence, this court should uphold the consecutive sentences imposed by the trial court.
The first crime, armed robbery, was completed when appellant took the money from the cash register, as well as the victim's wallet, and left the store for the first time. The victim believed her ordeal was over. Then, after leaving the premises for an indeterminate period of time, appellant returned. He re-entered the store and committed aggravated assault on the cashier, threatening to kill her.
The trial court's determination that the crimes were committed in separate episodes carries a presumption of correctness. This court must interpret the evidence and reasonable inferences arising therefrom in a manner most favorable to sustaining the trial court's ruling. 15 Fla.Jur.2d Criminal Law § 2926 (1993); see State v. Sepulvado, 362 So.2d 324, 327 (Fla. 2d DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979).