655 So.2d 160 (1995)
Cleveland ROSIER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2011.
District Court of Appeal of Florida, First District.
May 9, 1995.
*161 Cleveland Rosier, pro se.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
LAWRENCE, Judge.
Cleveland Rosier (Rosier) appeals an order summarily denying him postconviction relief. Rosier claims, among other things, that because he was sentenced as an habitual offender, his consecutive sentences are impermissible under Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). We remand for a determination of the number of Rosier's separate criminal episodes. We also certify a question.
Rosier committed crimes on April 23, 1990; he pleaded no contest to grand thefts, burglary of a structure, and burglaries of conveyances. Rosier's initial sentence as an habitual felony offender was reversed per curiam due to the absence of record support for his prior criminal history. Rosier v. State, 586 So.2d 516 (Fla. 1st DCA 1991). Rosier was resentenced on March 10, 1992, as an habitual offender, to a combination of concurrent and consecutive five-year sentences in three cases, for a total of twenty-five years in prison. This court affirmed per curiam Rosier's direct appeal. Rosier v. State, 606 So.2d 1170 (Fla. 1st DCA 1992).
Rosier, in this, his first, Florida Rule of Criminal Procedure 3.850 motion, alleges that he was illegally searched, that he was incompetent to stand trial, that the trial judge should have inquired into his wish to discharge court-appointed counsel, that his counsel was ineffective, that his plea was involuntary, and that he was subjected to double jeopardy. The trial judge denied relief, finding Rosier's motion time-barred. This was error. This court's mandate issued in Rosier's case on November 19, 1992; Rosier filed his postconviction motion on May 25, 1994. Rosier's motion therefore was timely. Huff v. State, 569 So.2d 1247 (Fla. 1990).
Rosier nevertheless is procedurally barred from raising that the initial stop of his vehicle was illegal, that he was incompetent to stand trial, and that the trial judge should have inquired into his wish to discharge court-appointed counsel. Christopher v. State, 489 So.2d 22, 24 (Fla. 1986) ("It is well established that a court may refuse to address those issues contained in a motion of post-conviction relief that were raised on direct appeal or could have been raised on direct appeal."); Straight v. State, 488 So.2d 530 (Fla. 1986).
Rosier's claim of ineffective assistance of counsel, and his related claim that his plea *162 was not voluntary because counsel misinformed him of its consequences, moreover fail for lack of showing ineffectiveness, or prejudice. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Davis v. State, 627 So.2d 112 (Fla. 1st DCA 1993); Shaffner v. State, 562 So.2d 430 (Fla. 1st DCA 1990).
We write therefore to address Rosier's claim that his consecutive sentences are unlawful. Rosier's double-jeopardy claim is based on Hale. The Florida Supreme Court there held that once a defendant's sentences for multiple crimes committed during a "single criminal episode" are enhanced through the habitual offender statute, the total sentence cannot be increased further by the imposition of consecutive, rather than concurrent, sentences. Rosier's case however is distinguishable from Hale's. Rosier's crimes, unlike Hale's, arose out of at least three separate criminal episodes. Rosier burglarized one victim's barn and car in Panama City, a second victim's car in Youngstown, and a third victim's truck in Bayou George. Three separate criminal episodes clearly occurred. Parker v. State, 633 So.2d 72 (Fla. 1st DCA), review denied, 639 So.2d 980 (Fla. 1994). We are unable to determine from the record whether Rosier's burglary of a victim's barn, and burglary of the same victim's car inside the barn, are "sufficiently separate in nature, time and place" to constitute separate criminal episodes. Parker, 633 So.2d at 76. We consequently remand for a determination of the number of Rosier's separate criminal episodes, and appropriate resentencing. The parties also may agree to the number of separate criminal episodes by stipulation.
The State nevertheless argues that Rosier is not entitled to the benefit of Hale. Hale's case was in the "pipeline" at the time Daniels[1] was decided, and consequently Hale was given the benefit of the Daniels decision. Rosier's case, by contrast, was final before Hale was decided. See Love v. State, 559 So.2d 198 (Fla. 1990) (holding that where a defendant did not appeal the initial decision of the district court affirming conviction but remanding for resentencing, affirmance became the law of the case, and the defendant, on second appeal after resentencing, could not rely on an opinion decided in the interim holding that the legislature did not intend separate convictions and sentences for the two crimes). We impliedly rejected the State's argument however in Goshay v. State, 646 So.2d 213 (Fla. 1st DCA 1994); and Booker v. State, 641 So.2d 903 (Fla. 1st DCA 1994); cf. Poole v. State, 20 Fla. L. Weekly D43, ___ So.2d ___ [1994 WL 706622] (Fla. 1st DCA Dec. 21, 1994) (holding that whether a defendant's consecutive sentences arise from a single criminal episode depends upon factual evidence, and consequently cannot be raised in a rule 3.800 motion, but rather must be raised by way of a rule 3.850 motion).
We furthermore agree with the second district that a Hale issue "may be raised under oath pursuant to rule 3.850 during the two-year period following Hale," because the Hale rule is retroactive under a Witt[2] analysis. Callaway v. State, 642 So.2d 636, 641 (Fla. 2d DCA 1994), review granted, 652 So.2d 818 (Fla. 1995).
We also agree with the second district that questions raised by the Hale decision are of great public importance. We therefore certify the following question:
IS HALE[3] RETROACTIVELY APPLICABLE TO CASES FINAL BEFORE HALE WAS DECIDED?
We accordingly reverse, remand, and certify a question of great public importance.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] Daniels v. State, 595 So.2d 952 (Fla. 1992).
[2] Witt v. State, 387 So.2d 922 (Fla. 1980), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980).
[3] Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994).