MICKLE, Judge.
This is an appeal from an order denying Appellant’s motion for post-conviction relief. Fla.R.Crim.P. 3.850. The trial court summarily denied relief on the grounds that Appellant had filed his motion beyond the two-year limit established in Rule 3.850(b) and that the motion did not fall within any of the recognized exceptions to the two-year limitations period. We are constrained to reverse the order and to remand for further proceedings.
Subsequent to the issuance of the order by the lower tribunal, the Florida Supreme Court determined that, from the date of its decision in Hale v. State, 630 So.2d 521 (Fla.1993), cert. den., — U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994) (once a defendant’s sentences for multiple offenses committed during the “same criminal episode” are enhanced pursuant to the habitual violent felony offender statute, the total penalty cannot be increased further by ordering the sentences to run consecutively), a two-year window existed for criminal defendants to challenge the imposition of consecutive habitual *253 felony offender sentences for multiple offenses arising out of a single criminal episode. State v. Callaway, 658 So.2d 983, 985-88 (Fla.1995); Rosier v. State, 655 So.2d 160 (Fla. 1st DCA 1995). Appellant alleged that his sentences for attempted trafficking and conspiracy to traffic in cocaine should not have been ordered to run consecutively because the two crimes arose from the same incident.
Although Appellant’s case became final before Hale was decided, we conclude that the question of the timeliness of his Rule 3.850 motion was effectively resolved in Appellant’s favor in Rosier, 655 So.2d at 160, in which we held that a Hale issue (like Appellant’s) may be raised under oath pursuant to Rule 3.850 during the two-year period following Hale because the rule in Hale applies retroactively under the analysis set forth in Witt v. State, 387 So.2d 922 (Fla.), cert. den., 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Callaway supports this result. 658 So.2d at 986. Appellant filed his motion within two years after the Hale decision. Therefore, his request for relief was timely filed.
Taken as true, the allegations in Appellant’s motion are facially sufficient to set forth a basis for relief. Accordingly, under Rule 3.850(d), the trial court was required either to attach “a copy of that portion of the files and records that conclusively shows that the prisoner is entitled to no relief’ or to hold an evidentiary hearing. The instant record on appeal is devoid of any facts to support the lower court’s conclusion that Appellant’s two offenses arose from separate criminal episodes. For that reason, meaningful appellate review is impossible.
On remand, the lower court may attach portions of the record or else it must hold an evidentiary hearing. Stocker v. State, 646 So.2d 238 (Fla. 1st DCA 1994) (factual determination is necessary on question of “single criminal episode” in context of consecutive sentencing).
Given that Appellant filed his motion within the timetable allowed by the rule as interpreted in Callaway and Rosier and made sufficient allegations, we REVERSE the order and REMAND for further proceedings.
BENTON and VAN NORTWICK, JJ., concur.