659 So.2d 490 (1995)
John D. GENTRY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1734.
District Court of Appeal of Florida, Fifth District.
September 1, 1995.
John D. Gentry, Madison, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
John D. Gentry appeals the summary denial of his Rule 3.850 motion to correct an illegal sentence. We reverse.
Gentry asserted in his Rule 3.850 motion that his consecutive habitual offender sentences were illegal because the offenses were committed during a single criminal episode, citing Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). The trial court denied the motion, ruling that the motion was untimely because it was filed more than two years beyond the date Gentry's judgment and sentence became final and, further, that the motion was without merit based on the grounds stated in the trial court's earlier denial of Gentry's previous Rule 3.800(a) motion.[1]
The trial court did not have the benefit of State v. Callaway, 658 So.2d 983 (Fla. 1995) at the time it ruled. In Callaway, the supreme court held that Hale is to be applied retroactively and that defendants have a two year window period after the October 14, 1993, issuance date of Hale in which to raise Hale issues. Therefore, Gentry's motion, filed April 24, 1995, was timely. Additionally, Callaway requires that Hale sentencing issues be pursued in a Rule 3.850 proceeding because they require a determination of whether the offenses for which a defendant has been sentenced arose out of a single criminal episode, an issue not determinable in a Rule 3.800(a) proceeding as it requires an evidentiary determination.
Gentry's Hale issue must be disposed of in a Rule 3.850 proceeding. If the trial court summarily denies his motion on remand, the trial court should attach the portions of the record which refute his claim. See Henry v. State, 644 So.2d 571 (Fla. 2d DCA 1994).
REVERSED and REMANDED.
DAUKSCH, W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] The trial court denied Gentry's earlier Rule 3.800(a) motion based on its finding that the offenses were separate and distinct and the evidence involved different times and places. This court affirmed on the basis that a Rule 3.800(a) proceeding was not the proper remedy in which to raise a Hale claim. Gentry v. State, 652 So.2d 518 (Fla. 5th DCA 1995). The affirmance was without prejudice to Gentry filing a proper Rule 3.850 motion.