662 So.2d 1001 (1995)
Willie PACE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-679.
District Court of Appeal of Florida, First District.
November 14, 1995.
*1002 No brief filed, for Appellant.
No brief filed, for Appellee.
MICKLE, Judge.
Willie Pace (Appellant) appeals from an order denying his motion for correction of illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the order in part, reverse it in part, and remand for further proceedings.
Appellant entered a plea of no contest on May 7, 1990, in accordance with a negotiated plea agreement to the following crimes: 1) possession of cocaine (Count I), 2) possession of paraphernalia (Count II), 3) resisting arrest with violence (Count III), and 4) battery on a law enforcement officer (Count IV). At the sentencing hearing, defense counsel stated his understanding that Appellant would be sentenced to 9 years in prison to run concurrently with a violation of probation charge. It was agreed that the 9-year term would be as a habitual felony offender rather than under the stricter provisions of the habitual violent felony offender statute. § 775.084, Fla. Stat. (1989). The lower tribunal imposed the following sentences: 5 years in prison (Count I); 1 year in prison (each for Counts II & III), to run concurrently with Count I; and 4 years in prison (Count IV), to run consecutively to Count I. The trial court did not advise Appellant of his right to a timely appeal, and no appeal was taken. Fla. R.Crim.P. 3.670. In September 1994, Appellant filed a motion for correction of sentence alleging four grounds for relief. From the order denying relief, Appellant raises the same issues on appeal.
The first issue concerns the Count II offense, which is a misdemeanor. § 893.147, Fla. Stat. (1989). We reverse as to Count II and remand for resentencing and for correction of the sentencing order that erroneously checked off the box indicating an enhanced "habitual offender" sentence for this misdemeanor. Cribbs v. State, 599 So.2d 246 (Fla. 1st DCA 1992); Peterson v. State, 576 So.2d 1385 (Fla. 4th DCA 1991).
The second issue relates to whether Appellant qualified for habitual felony offender classification and sentencing. This is the type of question that requires a factual determination. Therefore, it is an inappropriate issue for consideration in a Rule 3.800(a) *1003 collateral proceeding challenging "an illegal sentence." State v. Callaway, 658 So.2d 983 (Fla. 1995); Davis v. State, 661 So.2d 1193 (Fla. 1995).
In his third issue, Appellant asserts error in the trial court's ordering the enhanced sentence in Count IV to run consecutively to the sentence in Count I where the offenses allegedly grew out of a "single criminal episode." Hale v. State, 630 So.2d 521, 524-25 (Fla. 1993) (once a defendant's sentences for multiple crimes committed during a single criminal episode were enhanced through the habitual felony offender statute, the total penalty could not be further increased by ordering the sentences to run consecutively), cert. den., ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). Given that a factual determination is necessary on the "single criminal episode" issue, we affirm the trial court's denial of Appellant's Rule 3.800 motion without prejudice to Appellant's right to file a timely sworn motion for post-conviction relief on the same ground pursuant to Florida Rule of Criminal Procedure 3.850. Callaway, 658 So.2d at 987; Rosier v. State, 655 So.2d 160, 162 (Fla. 1st DCA 1995). Although Appellant's case below was final before Hale was decided, the Florida Supreme Court's recent decision in Callaway, like our holding in Rosier, provides that a Hale issue may be raised under oath pursuant to Rule 3.850 during the 2-year period following Hale because the rule in Hale is retroactive under the analysis set forth in Witt v. State, 387 So.2d 922 (Fla.), cert. den., 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Callaway, 658 So.2d at 987; Gentry v. State, 659 So.2d 490 (Fla. 5th DCA 1995); Rosier, 655 So.2d at 162. Given the procedural history of the instant case, we conclude that Appellant falls within the class of defendants encompassed by the holdings in Callaway and Rosier and, therefore, that his request for relief as to the third issue is timely.
The fourth issue relates to the sentencing court's failure to comply with Florida Rule of Criminal Procedure 3.670. Appellant failed to allege facts demonstrating that this final issue is a matter cognizable pursuant to a Rule 3.800(a) motion. Simmons v. State, 579 So.2d 874 (Fla. 1st DCA 1991) (Rule 3.800 motion may be used only to correct an illegal sentence given without statutory authority).
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
BOOTH and MINER, JJ., concur.