664 So.2d 311 (1995)
Garret Edwin BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-675.
District Court of Appeal of Florida, First District.
December 8, 1995.
Garret Edwin Brown, Appellant, Pro Se.
No appearance for Appellee.
PER CURIAM.
Appellant challenges the denial of his 3.800 motion for correction of illegal sentence. As to the first issue raised, the trial court incorrectly ruled that appellant, whose offenses occurred in February, 1991, was not affected by the "window" period during which the 1989 amendments to section 775.084 were unconstitutional, and that his *312 out-of-state conviction could be used as a basis for habitual offender sentencing, see State v. Johnson, 616 So.2d 1 (Fla. 1993), and Moffett v. State, 638 So.2d 125 (Fla. 1st DCA 1994). However, the error does not entitle appellant to relief since he also had two prior Florida felonies to qualify him for habitual offender status under the pre-amended version of the statute.
As to the second issue, appellant correctly asserts that consecutive habitual offender sentences cannot be imposed when the offenses arose out of the same criminal episode, see Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). The question whether the offenses arose out of the same criminal episode must be raised in a 3.850 motion, see State v. Callaway, 658 So.2d 983 (Fla. 1995). Such a motion must be filed within the two year "window" following the supreme court's decision in Hale. Id. Although styled a motion for post-conviction relief under rule 3.800, appellant's motion contained sworn factual allegations. "The courts have the authority to treat prisoner petitions as if the proper remedy were sought if it would be in the interest of justice to do so." Hall v. State, 643 So.2d 635 (Fla. 1st DCA 1994). We believe it would be in the interest of justice to do so in this case. Therefore, on this issue, we remand with directions to treat appellant's motion as if filed pursuant to rule 3.850.
As to the third issue, in 1991, when the instant offenses were committed, nonsequential convictions could be used as a basis for habitual offender sentencing, see State v. Barnes, 595 So.2d 22 (Fla. 1992), Waters v. State, 657 So.2d 39 (Fla. 1st DCA 1995), Ford v. State, 652 So.2d 1236 (Fla. 1st DCA 1995).
Affirmed in part, reversed in part and remanded with directions.
BOOTH, JOANOS and BENTON, JJ., concur.