678 So.2d 1354 (1996)
Pedro COLSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-267.
District Court of Appeal of Florida, First District.
August 5, 1996.
No brief filed, for Appellant.
No brief filed, for Appellee.
MICKLE, Judge.
This is an appeal from the lower court's order denying the appellant's motion for post-conviction relief. Having concluded that the order and its attachments do not conclusively refute the appellant's facially sufficient allegations, we are constrained to reverse the order and remand for the lower tribunal to grant the requested relief, to hold an evidentiary hearing, or to attach portions of the files and records that conclusively show the appellant is not entitled to relief. Fla. R.Crim.P. 3.850(d).
The state charged the appellant with two 1990 crimes: burglary of a dwelling (Count I) and dealing in stolen property, a ladder (Count II), and a jury found him guilty as charged. The trial court classified him as an habitual felony offender and imposed enhanced sentences of 30 years (I) and 10 years (II), to run consecutively. The judgment and sentence were per curiam affirmed. Colson v. State, 589 So.2d 295 (Fla. 1st DCA 1991). The trial court's denial of the appellant's first motion for postconviction relief also was affirmed. *1355 Colson v. State, 640 So.2d 1110 (Fla. 1st DCA 1994). A subsequent petition for habeas corpus relief in the federal district court was dismissed.
In his properly sworn second motion for post-conviction relief, the appellant alleged that defense counsel had been ineffective for failing to object to the imposition of consecutive sentences. In its order, the trial court attached copies of the information, the sentencing guidelines scoresheet, and the judgment purporting to show that the sentences are proper, so that counsel had no reason or obligation to challenge the consecutive nature of the sentences. We conclude that the order and attachments fail to show conclusively that the appellant is not entitled to relief.
Although the appellant waited to file the instant motion more than two years after his judgment and sentence became final, we conclude that it is a timely, proper motion pursuant to the rules of law announced in Hale v. State, 630 So.2d 521, 524 (Fla.1993), cert. den., ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994) (there is no statutory authority allowing trial court to impose consecutive habitual felony offender sentences for "multiple crimes committed during a single criminal episode"), and State v. Callaway, 658 So.2d 983, 986-87 (Fla.1995) (providing for "two-year window" following Hale decision for criminal defendants to challenge the imposition of consecutive habitual felony offender sentences for multiple offenses arising out of a single criminal episode). Because it was filed within two years of Hale, the motion is timely. Fla.R.Crim.P. 3.850(b)(2); Pace v. State, 662 So.2d 1001 (Fla. 1st DCA 1995).
Habitual felony offender sentences can be imposed to run consecutively only for separate, distinct crimes that do not occur in the course of a single criminal episode. Pace, 662 So.2d at 1003; Garrison v. State, 654 So.2d 1176 (Fla. 1st DCA 1994); Spillane v. State, 647 So.2d 1000 (Fla. 2d DCA 1994). Whether a Hale sentencing issue is raised is a factual question to the extent that it depends on factual evidence involving the time, place, and circumstances of the offenses, information that often cannot be determined from the face of the record. Pace, 662 So.2d at 1003; Woods v. State, 615 So.2d 197, 199 (Fla. 1st DCA 1993) (in imposing minimum mandatory sentences, determination of whether two separate and distinct criminal episodes occurred requires court to consider "whether separate victims are involved, whether the crimes occur in separate locations, and whether there has been a temporal break between the incidents").
The trial court correctly concluded that the appellant had alleged a prima facie basis for relief. In its order, the court stated that "the burglary took place at a different time than [sic] the sale of the stolen property." Relying on that assumption, the court concluded that the two offenses did not arise from a single criminal episode and, therefore, were properly ordered to run consecutively. In support of its ruling, the lower court attached Exhibits "A" through "C."
Exhibit "A," the information, alleges that the appellant committed both crimes on the same day, September 20, 1990. The burglary involved the unlawful entering or remaining in Moses Lockett's dwelling. The other offense involved trafficking or endeavoring to traffic in a stolen ladder, the property of Mr. Lockett. Thus, the victim of the two crimes is the same individual. From the record, we cannot determine at what time of day the crimes occurred. There is nothing inherent in the burglary of a dwelling and dealing in stolen property that, of itself, would conclusively show that the two acts were not committed in a single criminal episode. Cf. Hardee v. State, 659 So.2d 322 (Fla. 1st DCA 1994) (habitualized defendant's convictions for burglary of a structure and dealing in stolen property involved acts committed during the same criminal episode, and sentences should have been concurrent). For instance, an offender could break into a dwelling, steal a ladder inside, and immediately carry it out to the sidewalk and sell (or attempt to sell) it to an unwitting purchaser. The fact that Counts I and II are statutorily separate crimes pursuant to sections 810.02 and 812.019, Florida Statutes, respectively, is not dispositive of the issue. Hardee. For instance, a hypothetical offender could invade a home (Crime # 1), rob Resident # 1 (Crime *1356 # 2), and verbally threaten to shoot and kill Resident # 2 (Crime # 3) in the same room, all within a single, 45-second interval, without necessarily acting in separate, distinct criminal episodes for purposes of the instant question.
Exhibit "B," the guidelines scoresheet, lists the burglary of the dwelling as the "primary offense at conviction" and includes dealing in stolen property as an "additional offense at conviction." These designations in no way indicate whether or not the offenses arose out of separate and distinct episodes for purposes of the analysis required by Hale, Callaway, Pace, and Woods. Rather, Florida Rule of Criminal Procedure 3.701(d)(3) merely designates as the "primary offense" whatever crime at conviction, "when scored on the guidelines scoresheet, recommends the most severe sanction." Exhibit "C," the judgment and sentence, restates the obvious point that the appellant was tried and found guilty of the offenses in Counts I and II.
We REVERSE and REMAND the order 1) for an evidentiary hearing, 2) for attachment of portions of the files and records that conclusively show that the appellant is not entitled to relief, or 3) for the imposition of concurrent rather than consecutive sentences.
ALLEN and LAWRENCE, JJ., concur.