MICKLE, Judge.
Donald Ousley appeals orders denying his motion for posteonvietion relief and his motion for rehearing. Concluding that the appellant alleged a facially sufficient claim, we reverse the orders and remand for 1) attachment of portions of the record conclusively refuting the allegations, 2) an evidentiary hearing to resolve factual questions, or 3) an order directing the enhanced sentences to run concurrently.
In 1989, Ousley was convicted on two counts of sale of cocaine, a crime pursuant to section 893.13(1)(a), Florida Statutes. The trial court adjudicated him an habitual felony offender and imposed enhanced sentences of 30 years on each count, to run consecutively. No direct appeal was taken. In his sworn October 13, 1995, motion for post-conviction relief, Ousley alleged that his sentences are illegal because they were ordered to run consecutively, despite the fact that the two incidents giving rise to the charges arose from a single criminal episode. See Hale v. State, 630 So.2d 521 (Fla.1993), cert. den., — U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994); State v. Hill, 660 So.2d 1384, 1386 (Fla.1995) (trial court lacks authority to enhance sentences for multiple crimes committed during single criminal episode by both sentencing defendant as an habitual felony offender and ordering sentences to run consecutively). The trial court denied the motion because “the grounds stated herein have been previously raised in prior Motions and denied by the Court.” Ousley’s motion for rehearing was denied as facially insufficient.
Although not filed until 1995, Ousley’s motion is timely under the rule of law announced in State v. Callaway, 658 So.2d 983 (Fla.1995), where the Supreme Court of Florida held that a “Hale issue” challenging the *1282 imposition of consecutive habitual felony offender sentences for multiple offenses arising out of a single criminal episode may be raised under oath pursuant to Florida Rule of Criminal Procedure 3.850(b)(2) during the two-year period following the decision in Hale. 658 So.2d at 987; Pace v. State, 662 So.2d 1001 (Fla. 1st DCA 1995). The instant motion was filed within that two-year window.
Generally, a specific claim for post-conviction relief is procedurally barred if it was raised in a prior post-conviction motion that was decided on the merits. Bolender v. State, 658 So.2d 82, 85 (Fla.), cert. den., — U.S. -, 116 S.Ct. 12, 132 L.Ed.2d 896 (1995); State v. Salmon, 636 So.2d 16 (Fla.1994). Ousley filed three prior motions for post-conviction relief, all of which pre-date the decision in Hale. Because the trial court did not have the benefit of the rule of law announced in Hale (on October 13, 1993) when it considered Ousley’s prior motions (the third of which was filed in July 1993), the instant motion cannot be considered successive on this issue.
The analysis for determining the appropriateness of consecutive vs. concurrent enhanced sentences involves a determination of whether the charges are sufficiently separate in nature, time, and place to permit making them consecutive. The outcome depends upon the specific facts of each case. Daniels v. State, 595 So.2d 952 (Fla.1992); Parker v. State, 633 So.2d 72, 75-76 (Fla. 1st DCA), rev. den., 639 So.2d 980 (Fla.1994). According to the informations attached to the instant motion, the two offenses constitute the same crime, which occurred on the same date and on the same street in Okaloosa County. In both incidents, Ousley sold rocks of cocaine to an undercover officer. The incident giving rise to the second count occurred within six minutes of the first.
Taken as true, these properly sworn allegations in Ousley’s motion are facially sufficient to set forth a basis for relief pursuant to Hale and Callaway. See Moorer v. State, 667 So.2d 252 (Fla. 1st DCA 1995) (post-conviction petitioner’s claim that consecutive habitual felony offender sentences for multiple offenses arising out of a single criminal episode were improper alleged a prima facie basis for relief, requiring trial court to provide facts to support its conclusion that the two offenses arose from separate criminal episodes). Accordingly, we REVERSE the order and REMAND for the lower tribunal to attach portions of the record conclusively refuting the allegations, to conduct an evi-dentiary hearing, or to enter an order directing the sentences to run concurrently.
REVERSED and REMANDED, with directions.
WEBSTER and LAWRENCE, JJ., concur.