W. SHARP, Judge.
Dublin appeals from an order denying her motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800. She argues her consecutive habitual offender sentences are illegal because they were imposed for acts which occurred during a single criminal episode. See Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. —, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). The problem in this case is that these issues are not generally determinable in a rule 3.800 proceeding since they almost always require an eviden-tiary hearing. State v. Callaway, 658 So.2d 983 (Fla.1995); Gentry v. State, 659 So.2d 490 (Fla. 5th DCA 1995).
An additional problem in this case is timing. Hale is retroactive and defendants had a two-year window period after the October 14, 1993 decision of Hale in which to raise this issue. Callaway; Brown v. State, 664 So.2d 311 (Fla. 1st DCA 1995); Pace v. State, 662 So.2d 1001 (Fla. 1st DCA 1995); Gentry. Dublin was sentenced on January 14, 1991. On July 7, 1995, within the window period, she filed her motion pursuant to rule 3.800. However, by the time the motion was decided by the trial court on October 23,1995, the two-year window period had closed.
In the interest of justice, we elect to treat the motion filed by Dublin as a motion filed pursuant to rule 3.850.[1] Since it did not conform to the requirements of that rule (ie., it was not filed under oath), we affirm the denial of that motion without prejudice to Dublin to file an amended motion pursuant to rule 3.850, which conforms to the requirements of that rule. See Groves v. State, 668 So.2d 1089 (Fla. 1st DCA 1996); Burns v. State, 651 So.2d 813 (Fla. 5th DCA 1995). See also McClain v. State, 673 So.2d 966 (Fla. 1st DCA 1996); Caldwell v. State, 659 So.2d 1358 (Fla. 5th DCA 1995); Gentry.
AFFIRMED; REMANDED without prejudice to defendant to refile amended rule 3.850 motion.
COBB and HARRIS, JJ., concur.

. See, e.g., Brown v. State, 664 So.2d 311 (Fla. 1st DCA 1995); Matthews v. State, 664 So.2d 6 (Fla. 4th DCA 1995); Freeman v. State, 644 So.2d 356 (Fla. 1st DCA 1994); Hall v. State, 643 So.2d 635 (Fla. 1st DCA 1994).