W. SHARP, J.
Robinson appeals from the circuit court’s order, which denied his petition for a writ of habeas corpus. He argues that retroactive cancellation of his provisional credits or administrative gain time after revocation of his probation/control release violates the ex post facto clause,[1] and that if they were properly credited, he is entitled to release from prison. We remand for further consideration.
On December 28, 1988, Robinson was sentenced to 20 years in prison followed by 10 years probation for the crime of manslaughter. On April 21,1992, he was released early from prison and placed on control release/probation. He violated probation and was resentenced to 22 years in prison, on August 24,1994.
According to the Department of Corrections, Robinson received credit for time served in prison, and credit for unforfeited gain time. In his petition, Robinson argues the Department failed to credit him with his full 20-year sentence. In doing so, Robinson points out that the Department relied on the 1989 version of section 944.28(1), Florida Statutes. That section provides that when a prisoner’s probation is revoked, the Department may declare a forfeiture of all gain time earned prior to the prisoner’s release on probation. Since Robinson committed the offense involved in this case on June 28,1988, he points out the 1989 statute should not have been applied to him.
The Department explains that the only forfeited gain time in this case relates to credit for time not served due to administrative gain time, provisional credits and/or control release. It also points out that Robinson has raised this issue in various proceedings, and argues his petition should be dismissed as successive. The trial court agreed and denied his petition on that ground alone.
“Provisional credits” or “administrative gain time” refer to credits used to alleviate prison overcrowding. These credits are not related to satisfactory behavior while in prison. Calamia v. Singletary, 686 So.2d 1337 (Fla.1996), vacated, 520 U.S. 1141, 117 S.Ct. 1309, 137 L.Ed.2d 473 (1997); Griffin v. Singletary, 638 So.2d 500 (Fla.1994); Tripp v. State, 622 So.2d 941 (Fla.1993). In 1983, Florida enacted the Correctional Reform Act of 1983. It created an emergency procedure to be followed whenever the population of the state’s correctional system exceed a certain percentage of its capacity. When an emergency was declared, inmates were given credits in order to reduce the inmate population.
In 1987, the Legislature raised the threshold for awarding emergency release'credits. At the same time, the Legislature authorized a new form of overcrowding credit called “administrative gain time.” In 1988, the Legislature repealed the administrative gain time provision and replaced it with a provisional credit system. That statute was repealed in 1993. Lynce v. Mathis, 519 U.S. *1220 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997); Calamia.
Florida courts consistently treated earned gain time (based on good behavior) differently than credits to alleviate prison overcrowding (provisional or administrative gain time credits). See Hopps v. State, 633 So.2d 1136 (Fla. 2d DCA 1994); Webb v. State, 630 So.2d 674 (Fla. 4th DCA 1994); Rice v. State, 622 So.2d 1129 (Fla. 5th DCA 1993). Accordingly, the Florida Supreme Court held there was no ex post facto remedy where prisoners’ provisional or administrative gain time credits were canceled or revoked by later enacted statutes. See, e.g. Calamia; Griffin.
However, in Lynce, the United States Supreme Court held that Florida’s statute which retroactively canceled provisional early release credits awarded to alleviate prison overcrowding violated the ex post facto clause. And in State v. Lancaster, 1998 WL 892627 (Fla. Dec.24, 1998), the Florida Supreme Court concluded that Lynce mandates a holding that ex post facto principles do apply to overcrowding credits. Lancaster involved forfeiture of administrative gain time and provisional credits upon revocation of probation. The court ruled that the state does have the statutory authority to revoke such credits, but that authority only applies to inmates whose underlying offenses were committed on or after October 1, 1989 (the effective date of the amendment providing for such forfeiture). Since Robinson’s offense was committed prior to that date, under Lancaster, he appears entitled to relief.
We agree with the state that Robinson has raised this issue numerous times (at least five) and has been denied relief on the merits in four of these proceedings.[2] However, Lynce was only decided in 1997 and the Florida Supreme Court just recognized its application to situations like Robinson’s in 1998. This is a new constitutional right, just recognized in this state. Accordingly he is not barred from raising it.[3]
The record below is not clear as to whether the forfeiture relates to only administrative gain time and provisional credits following revocation of probation or control release credits. The Florida Supreme Court also recently held that some ex post facto claims may not apply to the Control Release Program. Thomas v. Singletary, 729 So.2d 369 (Fla.1998). Because the type of credit at issue is not clear from the record, we remand this cause to the trial court for a determination on the merits in light of Lynce, Lancaster, and Thomas.
REVERSED and REMANDED.
PETERSON and ANTOON, JJ., concur.

. Art. 1 § 10, Fla. Const.

. See Case Nos. 95-64; 96-404; 96-624; 96-818; 97-2536.

. Ousley v. State, 679 So.2d 1280 (Fla. 1st DCA 1996); Lock v. State, 668 So.2d 1081 (Fla. 2d DCA 1996). See also Green v. State, 626 So.2d 699 (Fla. 5th DCA 1993).