829 So.2d 400 (2002)
Negusse STALEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-723.
District Court of Appeal of Florida, Second District.
November 8, 2002.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Negusse Staley seeks review of his judgment and sentences for home invasion robbery and burglary. We affirm Staley's convictions without comment. We reverse Staley's consecutive sentences and remand for the imposition of concurrent sentences because Staley's offenses occurred during a single criminal episode.
This case involved a late-night home invasion robbery and burglary of an apartment *401 with two residents inside. Staley entered the apartment, took some of the residents' clothing, and stowed it in his vehicle in the course of several trips from the apartment to the vehicle. Staley then re-entered the apartment with a machete and loaded several of the residents' possessions into a cooler that was on the floor by the door. One of the residents awoke and chased Staley out of the apartment. After Staley left the apartment, the resident called 911. While the resident was on the phone with the 911 operator, Staley broke through the closed apartment door with the machete and retrieved the cooler. After a jury found Staley guilty of both charges, the court sentenced Staley to consecutive sentences of life in prison as a prison releasee offender for home invasion robbery and thirty years in prison as a habitual felony offender for burglary.
Staley argues that the trial court erred in imposing consecutive sentences in this case because the offenses arose from a single criminal episode. It is well-settled that sentences imposed under a sentencing enhancement statute may not run consecutively if the offenses occurred during a single criminal episode. Brooks v. State, 630 So.2d 527, 527 (Fla.1993); Hale v. State, 630 So.2d 521, 524 (Fla.1993); Smith v. State, 632 So.2d 95, 97 (Fla. 2d DCA 1994). In order to determine whether offenses occurred during a single criminal episode, courts look to whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a "temporal break" between the offenses. Garrison v. State, 654 So.2d 1176, 1177 (Fla. 1st DCA 1994).
This case is analagous to Garrison and Brooks. In Garrison, the defendant robbed a convenience store clerk and walked out of the store. 654 So.2d at 1177. He then turned around and walked back into the store, pointed the gun at the clerk, and threatened her life. Although the record did not reveal exactly how long the defendant had been out of the store, the First District inferred that he did not leave the premises. The court held that the offenses occurred during a single episode because "any temporal break between the two crimes was too brief to support a finding that the offenses were not part of the same criminal episode." Id.
In Brooks, the victim found the defendant sitting in her van when she returned to the parking lot from a store. 630 So.2d at 527. The victim confronted the defendant, and he exited the van and got into another van in the parking lot. As the victim was pulling away, the defendant demanded her purse, but she refused to surrender it. The supreme court reversed the defendant's consecutive sentences because the offenses occurred during the same criminal episode. Id.
In this case, the victims and the locations were the same. Like the defendants in Garrison and Brooks, Staley committed the offenses and left the structure but did not leave the premises. Staley returned minutes later and completed the offenses by retrieving a cooler that he had previously loaded with the victims' property. The resident had called 911 and was still on the phone with the 911 operator when Staley returned to retrieve the cooler. Although there was a temporal break, it was not significant enough to establish a separate episode. Accordingly, the trial court erred in sentencing Staley to consecutive sentences.
Reversed and remanded with directions for the trial court to impose concurrent sentences.
ALTENBERND and SALCINES, JJ., Concur.