COHEN, J.
Following a jury trial, Ralph Davila was convicted of both resisting an officer with and without violence. Orange County Sheriffs Deputy Homstead was the victim of each offense. On appeal, Davila argues his conviction for resisting without violence constitutes double jeopardy. We agree and reverse.
If the offenses occurred as part of one criminal episode or transaction, then separate convictions for both resisting with and without violence are prohibited because the lesser offense of resisting without violence has elements which are subsumed by the greater offense of resisting with violence. Swilley v. State, 845 So.2d 980, 933 (Fla. 5th DCA 2003); see § 775.021(4)(b)3., Fla. Stat. (2011). In making this fact-intensive determination, courts examine “whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been ‘a temporal break’ between offenses.” Sta-ley v. State, 829 So.2d 400, 401 (Fla. 2d DCA 2002).
The circumstances of the underlying case reflect that all of the conduct occurred at the same residence, to the same deputy, with no real temporal break. Law enforcement was called to the scene by paramedics who responded to a call for assistance for Davila’s aunt. Davila allegedly interfered with the paramedics. Deputy Homstead testified that they had to physically remove Davila from the home. When he tried to re-enter, the deputy decided to arrest Davila. He was taken to the ground where, after a struggle, he was handcuffed. Essentially, deputies had to carry Davila to the patrol car where, despite his continued resistance, they were able to search him and, with some difficulty, get him into the. car. As the deputy attempted to shut the door, Davila kicked it open, knocking Homstead backwards.
Finding these actions occurred as part of a single episode or transaction, we reverse the conviction for resisting an officer without violence.
REVERSED and REMANDED.
SAWAYA and LAWSON, JJ., concur.