PER CURIAM.
We affirm the denial of the appellant’s rule 3.800(a) motion challenging his VCC sentences on the ground that the convictions were not sequential, see Bover v. State, 797 So.2d 1246, 1250 (Fla.2001) (stating that under § 775.084(5), “although the sentencing for separate convictions arising out of unrelated crimes can take place on the same day, the sentences cannot be part of the same sentencing proceeding”), as it is not apparent from the face of the record before this Court whether the appellant was sentenced for the predicate convictions at issue during the same sentencing proceeding. Cf. Poole v. State, 659 So.2d 309 (Fla. 1st DCA 1994) (“As a general rule, a post-conviction issue that requires an evidentiary hearing must be resolved under Florida Rule of Criminal Procedure 3.850.”). We note that the de *185 nial is without prejudice to the appellant filing a timely and facially sufficient motion pursuant to rule 3.850 raising the same claim.
AFFIRMED.
LEWIS and ROWE, JJ., concur; THOMAS, J., concurs in Result Only.