577 So.2d 971 (1991)
STATE of Florida, Appellant,
v.
Wayne NELSON, Appellee.
No. 90-1349.
District Court of Appeal of Florida, Fourth District.
March 27, 1991.
*972 Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellant.
No brief filed by appellee.
LETTS, Judge.
Involved here is the recently enacted statute enhancing the penalties for assaulting or battering a person sixty-five years old or older. The trial judge dismissed the charge because the information failed to state that the aggravated battery was carried out "knowingly." We reluctantly affirm.
Section 784.08(2), Florida Statutes (1989), provides in part:
Whenever a person is charged with knowingly committing an assault or aggravated assault or a battery upon a person 65 years of age or older, the offense for which the person is charged shall be reclassified as follows:
(Emphasis added).
We have tried to construe the foregoing statutory language to apply the "knowingly" only to the crimes of assault and battery, thus dispensing with the necessity of knowing the age of the victim. However, the wording of the statute will not permit such a construction[1] even though it is doubtful that the legislature intended that the state would have to prove that the criminal knew the victim was at least sixty-five years old before the enhanced penalty could be invoked. Moreover, it is hardly likely the attacker would ever know his victim was at least sixty-five. Obviously, the statute was enacted to protect the elderly, not the criminals, the theory behind the statute being that he or she who assaults elderly people does so at his or her peril. In the same vein, he or she who rapes a child under twelve does not have to know that the child is of such tender years. § 794.011(2), Florida Statutes (1989). Likewise, he or she who sells drugs within one thousand feet of a school does not have to know that he or she is within that radius. State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989), aff'd, 558 So.2d 1 (Fla. 1990).
By further analogy, we have considered the statute applicable to assault and battery upon law enforcement officers or firefighters. That statute, section 784.07(2), Florida Statutes (1989), states in part:
Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer, a firefighter, an intake officer as defined in § 39.01, or a parking enforcement specialist as defined in § 316.640, while the officer, firefighter, intake officer, or parking enforcement specialist is engaged in the lawful performance of his duties, the offense for which the person is charged shall be reclassified as follows:
(Emphasis added).
Once more, the word "knowingly" is employed and in this context has been interpreted by our supreme court as requiring "that the accused know that his victim is a law enforcement officer or a firefighter." Street v. State, 383 So.2d 900, 901 (Fla. 1980).
In the case of policemen and firefighters, the requirement of having to know makes sense. Police are usually in uniform and firefighters attired in classic garb that unmistakably *973 puts the attacker in the know. However, these public servants may be in street clothes on the way to a fire, or in the case of police officers, be working undercover. Thus, the attacker would be completely unaware of their true vocation. By contrast, the requirement of having to know whether someone is at least sixty-five years old places an intolerable burden of proof on the state, and we conclude that the statute, in its present form, must be amended to be effective.[2]
The state has supplied us, as supplemental authority, with a brand new case out of the Eleventh Circuit which appears to run contra to our decision. See United States v. Williams, 922 F.2d 737 (11th Cir.1991). However, the reasoning in that case does not control us, whereas the reasoning in Street, out of the Florida Supreme Court construing a statute with substantially similar wording, would appear to mandate this conclusion.
THIS CAUSE IS AFFIRMED.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] As the trial judge also reasoned sub judice: "If its knowing that you are committing a battery, battery requires that you know what you are doing to begin with because of the element, intent. It would seem that knowingly would not be a modifier."
[2] We are informed that the legislature is currently considering an amendment to the statute which would add after the word "knowingly" the all too familiar phrase "or reasonably should have known." We doubt that this amendment will completely cure the problem. It will not be easy for the state to prove that the defendant reasonably should have known the victim was sixty-five or over.