605 So.2d 978 (1992)
Allen Ward COX, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1489.
District Court of Appeal of Florida, Fourth District.
October 7, 1992.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged by information with kidnapping with intent to commit sexual battery (count one); sexual battery using force likely to cause serious personal injury by vaginally penetrating the victim with his penis (count two); attempted sexual battery using force likely to cause serious personal injury by attempting to penetrate or unite with the victim's mouth (count three) and anus (count four); and aggravated battery causing great bodily harm when he pushed the victim over a wall (count five).
At trial, the victim testified that on October 29, 1989, she was working at a convenience store in Margate. At approximately 2:00 a.m., a man with a T-shirt over his head with slits cut out for his eyes entered the store. The victim did not find this unusual at first because several customers had entered the store wearing Halloween costumes. The man then grabbed her arms and pushed her toward the back of the store. When they got to the back door, the door would not open. The man eventually pulled her out the front door.
The man dragged her to the back of the building, placed her on top of a five or six foot concrete wall, and pushed her over. When she landed, her leg hurt and she felt ants biting her. The man then jumped over the wall, grabbed her, and started ripping her blouse and her bra. The man then removed her slacks and her underwear. He climbed on top of her and entered her vagina with his penis. The man then forced her to get on her hands and *979 knees and unsuccessfully attempted to engage in anal intercourse. He also told her to place his penis in her mouth, but she refused. The man then placed her on her back and again forced her to engage in vaginal intercourse. After the man ejaculated, he told the victim that he would be "back for her" if she told anyone what had happened and walked away.
The victim then put her clothes back on, returned to the store, and called the police. Her leg hurt and she had difficulty walking. After she was examined at the rape treatment center, she went to the hospital. The victim had suffered a fractured pelvis and remained in the hospital for five days.
The jury found appellant guilty as charged on counts one, two, four, and five and not guilty on count three. The trial court adjudicated appellant accordingly and sentenced him as an habitual violent felony offender. We find no error in appellant's conviction but conclude the trial court erred in imposing consecutive sentences with mandatory terms under the habitual offender statute.
In Daniels v. State, 595 So.2d 952 (Fla. 1992), the supreme court held that a trial judge lacked discretion under sections 775.021(4) and 775.084, Florida Statutes (Supp. 1988), to impose consecutive fifteen-year mandatory minimum sentences for first degree felonies committed by an habitual violent felony offender arising from a single criminal episode. The court reasoned that the minimum mandatory sentences could not run consecutively because the statute prescribing the penalty for the defendant's offenses did not contain a provision for minimum mandatory penalties. Id. at 953-54. The court concluded that the imposition of minimum mandatory sentences under the habitual offender statute was governed by the same principles as the imposition of "enhanced" penalties for the possession of a firearm during the commission of specified penalties as set forth in Palmer v. State, 438 So.2d 1 (Fla. 1983).
The state argues that Daniels, like Palmer, does not prohibit the imposition of consecutive minimum mandatory sentences when the offenses are separate and distinct, i.e., not part of the same criminal episode. See State v. Thomas, 487 So.2d 1043 (Fla. 1986). However, we are bound by the supreme court's decision in Wilson v. State, 467 So.2d 996 (Fla. 1985), wherein the court held that it was error to sentence the defendant to consecutive mandatory terms for use of a firearm and concluded the offenses occurred "during a single, continuous episode." The opinion reflects facts similar to those which occurred here, the court saying:
In this cause, Wilson pled guilty to sexual battery with a firearm and kidnapping with a firearm. The factual basis for the plea reflects that Wilson, armed with a gun, confronted his victim as she attempted to enter her apartment, forced her into his car, drove a short distance, and raped her. The trial court sentenced Wilson to two consecutive 30-year sentences with consecutive three-year mandatory minimum sentences for each offense.
Id. at 997.
Accordingly, we conclude that appellant's offenses did occur during a single, continuous episode and hold appellant's consecutive minimum mandatory sentences were improper, reverse their imposition and remand for correction in accordance herewith.
GLICKSTEIN, C.J., and DELL and FARMER, JJ., concur.