622 So.2d 166 (1993)
Martha COCHRAN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00167.
District Court of Appeal of Florida, Second District.
August 11, 1993.
James Marion Moorman, Public Defender, and Steven L. Bolotin, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Chief Judge.
Martha Cochran has appealed from a conviction for battery upon a person 65 years of age or older. We reverse and remand for reclassification of the offense from a third degree felony to a first degree misdemeanor and for appropriate resentencing.
Cochran, a worker in a nursing home, was charged with battering an elderly incompetent woman who was approximately 80 years old at the time of the offense. The statute Cochran was convicted of violating, section 784.08(2)(c), Florida Statutes (1989), provided, at the time of the misconduct attributed to her, as follows:
(2) Whenever a person is charged with knowingly committing an assault or aggravated assault or a battery or aggravated battery upon a person 65 years of age or older, the offense for which the *167 person is charged shall be reclassified as follows:
(c) In the case of a battery, from a misdemeanor of the first degree to a felony of the third degree.
Cochran contended that it was necessary for the state to allege and prove that she knew that her victim was over the age of 65 in order for her to be convicted of the enhanced offense. Cochran is correct. Both the first and fourth districts, in dealing with this statute, have clearly held that enhancement of a misdemeanor battery to a third degree felony based on the victim's age requires the defendant to know that he or she is battering a person 65 or older. See Gordon v. State, 603 So.2d 512 (Fla. 1st DCA 1992); Bryant v. State, 599 So.2d 1349 (Fla. 1st DCA 1992); State v. Nelson, 577 So.2d 971 (Fla. 4th DCA 1991). Although the statute has been amended to eliminate the knowledge requirement, see section 784.08(2)(c), Florida Statutes (Supp. 1992), retroactive application of the current statute to this offense would violate the ex post facto prohibition. See Saavedra v. State, 576 So.2d 953 (Fla. 1st DCA 1991), affirmed, 622 So.2d 952 (Fla. 1993). Because no evidence was adduced to prove that Cochran knew the victim's age, we must remand for reclassification of the offense to a first degree misdemeanor.
At resentencing for the first degree misdemeanor, the trial court must also reexamine the special conditions of probation imposed upon Cochran. Some of the conditions were not orally pronounced in open court, thus depriving the appellant of an opportunity contemporaneously to object to them, and they therefore must be stricken. See Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992). Moreover, certain of the conditions, relating to alcohol or drug evaluations or to visiting bars, bear no relationship to the crime with which Cochran was convicted, relate to conduct that is not in itself criminal, or require or forbid conduct not reasonably related to future criminality. Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979). In upholding our Rodriguez standards, the Florida Supreme Court recently stated in Biller v. State, 618 So.2d 734, 735 (Fla. 1993), that a challenge on the basis of relevance to imposition of special conditions of probation will be sustained unless "the record supports at least one of the circumstances outlined in Rodriguez." Accordingly, on remand, special conditions 10, 11, and 12 shall be stricken.
Reversed and remanded.
RYDER and CAMPBELL, JJ., concur.