PER CURIAM.
In this direct criminal appeal, appellant seeks review of both his convictions for attempted robbery and resisting a law enforcement officer with violence and the habitual felony offender sentences imposed for those offenses. He raises three issues: (1) whether the trial court committed reversible error when it denied his motion for a judgment of acquittal on the attempted robbery charge; (2) whether the trial court committed reversible error when it excluded proffered testimony; and (3) whether the trial court committed reversible error when it imposed consecutive habitual felony offender sentences for offenses committed in a single criminal episode. Finding the first two issues to be without merit, we affirm appellant’s convictions without discussion. However, we are constrained to reverse the imposition of consecutive habitual felony offender sentences.
Both offenses of which appellant was convicted arose out of a single criminal episode. The state concedes as much. Accordingly, in light of Hale v. State, 630 So.2d 521 (Fla.1993), which was decided after appellant had been sentenced, it was error both to enhance appellant’s sentences by use of the habitual felony offender law and to impose the sentences for the two offenses consecutively.
We affirm appellant’s convictions. However, we reverse his sentences and remand with directions that the two sentences be imposed to run concurrently.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER, WEBSTER and DAVIS, JJ., concur.