650 So.2d 689 (1995)
William Lee SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1480.
District Court of Appeal of Florida, Third District.
February 22, 1995.
*690 Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Linda S. Katz, Asst. Atty. Gen., for appellee.
Before HUBBART, GERSTEN and GREEN, JJ.
GREEN, Judge.
On August 19, 1992, William (a/k/a Willie) Lee Smith went into a gas station and stole approximately four hundred dollars from the pocket of an elderly patron of the establishment. A brief struggle ensued between Smith and the elderly victim. As Smith tried to leave, the owner locked the front door and directed an employee outside to summon the police. When the police arrived, Smith was still inside of the gas station. As one of the officers attempted to arrest Smith, Smith hit him in the chest and fled. A "BOLO" (or "be on the lookout") was issued and Smith was subsequently arrested.
Smith was charged by an information with battery on a person 65 years of age or over, robbery and two counts of battery on a law enforcement officer. The trial court dismissed one of the counts of battery on a law enforcement officer and Smith went to trial on the remaining three counts. The jury convicted Smith on all counts.
The State filed a notice of intent to have Smith sentenced as a habitual violent felony offender under section 775.084(4)(b) Florida Statutes (1991).[1] The court found Smith to be a habitual violent offender. Pursuant to this finding, Smith was sentenced to ten years imprisonment for battery upon a person 65 years of age or older, thirty years imprisonment for robbery and ten years imprisonment for battery upon a law enforcement officer. Each of these sentences carried with it a ten year concurrent minimum mandatory requirement. Thus, the defendant was sentenced to serve a total of fifty years with a ten year minimum mandatory requirement.
Smith's first argument on appeal is that his conviction for battery upon a person 65 years of age or older should be remanded for reclassification of this offense from a third degree felony to a first degree misdemeanor because the State neither alleged nor proved that Smith knew the victim to be over the age of 65 at the time of the offense. Smith's contention that the information failed to allege knowledge properly is without merit. Count I of the information clearly alleged that:
WILLIAM LEE SMITH, on or about August 19, 1992, in the County and State aforesaid, did unlawfully, feloniously, and knowingly commit battery upon a person sixty-five (65) years of age or older, to wit: Junior Horn by actually and intentionally touching or striking said person against said person's will in violation of § 784.03 and § 784.08(2)(c) and § 775.087, Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida. (emphasis added)
We agree, however, with Smith's argument that the State failed to prove that Smith had knowledge that the victim was over the age of 65 as was required by then section 784.08(2)(c), Florida Statutes (1991).[2]
*691 The evidence at trial viewed in the light most favorable to the State merely established that the victim was born in 1921 (thereby making him over the age of 65 at the time of the offense) and that he had the appearance of an elderly gentleman. Smith did not testify and, while it may reasonably be inferred or assumed that Smith knew that the victim was elderly due to the victim's physical appearance, there was no direct evidence that Smith actually knew the victim was over the age of 65. We think this was fatal to the State's attempt to invoke the enhanced penalty provision in section 784.08(2)(c).
In applying the clear language of this statute, we agree with the second, first and fourth districts and hold that an enhancement of a misdemeanor battery to a third degree felony based on the victim's age requires proof of actual knowledge on the part of the defendant that he or she is battering a person 65 years of age or older. Cochran v. State, 622 So.2d 166 (Fla. 2d DCA 1993); Gordon v. State, 603 So.2d 512 (Fla. 1st DCA 1992); Bryant v. State, 599 So.2d 1349 (Fla. 1st DCA 1992); State v. Nelson, 577 So.2d 971 (Fla. 4th DCA 1991).
In so holding, we recognize that since Smith's commission of this offense, this statute has been amended by the legislature to eliminate the knowledge requirement. See § 784.08(2)(c), Fla. Stat. (Supp. 1992). It is axiomatic, however, that the retroactive application of the amendment to this offense would be violative of the ex post facto prohibition. See Cochran, 622 So.2d at 167. Accordingly, we reverse and remand for the reclassification of the offense from a third degree felony to a first degree misdemeanor and for appropriate resentencing.
Smith's remaining argument on appeal is that, pursuant to Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), the trial court erred in imposing consecutive habitual offender sentences because all of the crimes arose out of the same transaction. We agree and reverse on this point as well.
In Hale, the defendant was charged with and convicted of (1) sale of cocaine and (2) possession of cocaine with intent to sell after he sold a small quantity of the same cocaine to a confidential informant. Based upon his past convictions, the trial court declared Hale to be a habitual violent felony offender under section 775.084(7)(b), Florida Statutes (1991). Hale was sentenced to two consecutive twenty-five year habitual violent felony offender terms, each of which carried a consecutive ten year minimum mandatory sentence. Thus Hale was sentenced to a total of fifty years and would have to serve a minimum of twenty years before he would be eligible for parole.
The Florida Supreme Court found that the trial court erred in imposing consecutive habitual offender sentences with consecutive minimum mandatory sentences where both crimes arose out of the same criminal episode. As the court concluded:
[u]nder the statutory penalty for each offense, the trial court may sentence this defendant separately for possession, and sentence him separately for the sale, and make each sentence consecutive to the other. However, the trial court is not authorized, in our view, to both enhance Hale's sentence as a habitual offender and make each of the enhanced habitual offender sentences for the possession and the sale of the same identical piece of cocaine consecutive, without specific legislative authorization in the habitual offender statute.
Id. at 525.
In determining whether multiple crimes arise out of one criminal episode for purposes of consecutive sentencing, courts have generally considered factors such as the nature, time, place and number of victims. Parker v. State, 633 So.2d 72 (Fla. 1st DCA), rev. denied, 639 So.2d 980 (Fla. 1994) (where the court found that the crimes of attempted first degree murder and arson committed outside of the victim's home immediately after the perpetuation of burglary, robbery, kidnapping and sexual battery inside of the home against the same victim were sufficiently separate to permit the imposition of consecutive minimum mandatory terms under the habitual violent felony offender statute); Castro v. State, 472 So.2d 796 (Fla. 3d DCA 1985) (where a robbery and burglary occurring *692 inside the home against one victim and an attempted murder of the police officer arriving at the scene outside of the home was held to constitute two separate incidents so as to permit consecutive mandatory sentences). Where, as here, however, a defendant is charged with battery on the arresting law enforcement officer which took place in the same locale as the defendant's commission of the other charged offenses[3] and immediately followed his commission of the other offenses with no significant break in time or place, we are compelled to conclude that all of these offenses arose out of one single criminal episode. Blount v. State, 641 So.2d 447 (Fla. 2d DCA 1994); Walker v. State, 636 So.2d 207 (Fla. 1st DCA 1994). Thus, under Hale, the trial court's imposition of consecutive sentences for each of these offenses was error.
Reversed and remanded for resentencing.
NOTES
[1] Section 775.084(4)(b), Florida Statutes (1991) reads as follows:

(b) The court, in conformity with the procedure established in subsection (3), may sentence the habitual violent felony offender as follows:
1. In the case of a felony of the first degree, for life, and such offender shall not be eligible for release for 15 years.
2. In the case of a felony of the second degree, for a term of years not exceeding 30, and such offender shall not be eligible for release for 10 years.
3. In the case of a felony of the third degree, for a term of years not exceeding 10, and such offender shall not be eligible for release for 5 years.
[2] At the time of Smith's commission of the offense, section 784.08(2)(c), Florida Statutes (1991) read as follows:

Whenever a person is charged with knowingly committing ... a battery or aggravated battery upon a person 65 years of age or older, the offense for which the person is charged shall be reclassified as follows:
(c) In the case of a battery, from a misdemeanor of the first degree to a felony of a third degree.
[3] There is no question that the battery and robbery on the same victim arose out of the same criminal episode.