POLEN, Judge.
After an evidentiary hearing, the trial court denied Pablo Arroyo’s motion for relief under Florida Rule of Criminal Procedure 3.850. Arroyo raises three issues on appeal: (1) the trial court failed to sufficiently explain the consequences of an habitual felony offender sentence at his change of plea hearing; (2) consecutive habitual felony offender sentences on his two counts of sale of cocaine were impermissible under Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994); and (3) trial counsel was ineffective for failure to raise a double jeopardy argument concerning his convictions for grand theft and dealing in stolen property. We affirm, but write briefly to address each point.
*656 Appellant entered into a negotiated guilty plea in connection with two unrelated cases. In case number 88-9924, appellant was charged under the name of Antonio Rieeda with two counts of sale of cocaine, both occurring on or about August 1, 1988. In case number 91-5412, appellant was charged with four counts related to a stolen motor vehicle and appellant’s alleged dealing of the known stolen vehicle.
In September 1991, appellant entered into a negotiated guilty plea in both cases. At that time, the trial court accepted the plea, declared appellant an habitual offender, and advised him that he would sentence appellant to 20 years in each case to run concurrently. Per agreement, the trial court deferred sentencing, permitting appellant a one-week furlough. The court advised appellant that if he faded to appear his habitual offender sentence would increase to about a total of 140 years.
Appellant did not appear for sentencing on September 13,1991. Appellant was rearrested in October 1992 or 1993. (The date is not clear from the record, but this does not affect our analysis.)
At sentencing on November 2,1993, appellant’s counsel argued that appellant be sentenced to the original 20 years as a habitual offender, as appellant had been held in Connecticut and could not return in time for the September 13, 1991, sentencing hearing. The trial court accepted appellant’s position that he was unable to appear on September 13, 1991, because he was being held in Connecticut. However, the court could not excuse appellant’s failure to present himself to the trial court once back in town and before he was rearrested in October 1992 or 1993.
Regarding case number 91-5412, the trial court sentenced appellant to 30 years under Count I to be followed by a consecutive term of 10 years in the DOC for Count II, to be followed by a consecutive term of 30 years under Count III, to be followed by a consecutive period of 10 years under Count IV.
As to case number 88-9924, the trial court sentenced appellant to 30 years for Count I to run consecutive to those imposed in 91-5412, and for Count II to a term of 10 years to run consecutive to Count I and those sentences imposed in 91-5412. The total sentence orally pronounced was 120 years. The written order reflected 140 years.
Appellant filed a direct appeal to challenge the enhanced sentence as it related to his failure to appear. Appellant’s second argument was that the trial court erred in adjudicating and convicting appellant of grand theft and dealing in stolen property as the two charges stemmed from a single scheme or course of conduct contrary to section 812.025. Appellant’s third point was that his dual convictions for two identical counts of dealing in stolen property violated double jeopardy. Appellant conceded that his point was defeated by Novaton v. State, 634 So.2d 607 (Fla.1994), as he had entered into a negotiated plea.
In his final point, appellant contended that the written sentence totalling 140 years did not comport with the oral sentence for 120 years. Appellant prevailed on this point. In its opinion this court affirmed the convictions and sentences in all respects save for the incorrect written sentence. Arroyo v. State, 651 So.2d 223 (Fla. 4th DCA 1995).
As to the sufficiency of the trial court’s explanation of an habitual offender sentence’s consequences, Arroyo argues the court failed to fully explain the effect of such a sentence on appellant’s entitlement, if any, to gain time. On this point, the court told Arroyo that an habitual offender sentence has “a drastic effect on your gain time.” Arroyo did not inquire further, nor does he allege his attorney gave him contrary advice. Under the facts of this ease, we hold the trial court’s explanation was adequate.
Appellant’s second point involves his consecutive habitual offender sentences in case number 88-9924, for two counts of sale of cocaine, which he claims is violative of Hale, supra. Under Hale, if two or more counts arise from a single criminal episode, consecutive sentences are impermissible. Following the evidentiary hearing held on appellant’s 3.850 motion, the trial court found:
[Tjhere were two separate criminal episodes. Two separate cocaine rocks were sold to two different police officers. The sales were made approximately 15 minutes apart.
*657 As the record supports the trial court’s findings in this regard, we find no Hale violation in appellant’s consecutive sentences.
Finally, Arroyo contends there was ineffective assistance of trial counsel for failure to raise a double jeopardy argument against his convictions for both grand theft and dealing in stolen property in ease number 91-6412. We note this issue was raised and resolved adversely to appellant in his direct appeal. Under Novaton, the supreme court held a defendant who plea bargains with the state and agrees to specific sentences waives any double jeopardy claim that may affect either his conviction or sentence. Novaton, 634 So.2d at 609. Further, we hold the trial court properly rejected Arroyo’s double jeopardy argument on the merits. Arroyo alleges that competent counsel would have moved to dismiss count III on double jeopardy grounds, and the trial court would have granted such motion. (Importantly, he does not allege he would not have entered the plea.) The remedy for any alleged double jeopardy violation in case number 91-5412, however, would not have been' dismissal, but that if convicted of both charges by the jury, the trial court could enter a conviction on only one. § 812.025, Fla. Stat. (1991). In all, the trial court did not err in rejecting this claim of ineffective assistance of counsel.
AFFIRMED.
GUNTHER and KLEIN, JJ., concur.