744 So.2d 583 (1999)
Robert Earl TROTTER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03362.
District Court of Appeal of Florida, Second District.
November 17, 1999.
*584 Matthew J. Wells, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
In this appeal from a resentencing proceeding, Robert Earl Trotter argues that the trial court erred in imposing a consecutive habitual offender sentence in count eleven, involving a robbery that occurred at an automatic teller machine (ATM). He also argues that the trial court erred in denying him credit for prior prison time served. We affirm as to the consecutive sentence, but remand for correction of the sentencing documents to reflect the appropriate credit for time served.
We reject Trotter's argument that the consecutive sentence in count eleven violated the rule in Hale v. State, 630 So.2d 521 (Fla.1993), that habitual offender sentences may not be imposed consecutively when the offenses arise out of a single criminal episode. After sexually battering the victim in her home, Trotter moved her to a separate location for the ATM robbery. Although all counts involved a single victim, the trial court did not abuse its discretion in ruling that the ATM robbery was sufficiently separate in location to permit the imposition of the consecutive term. See Murray v. State, 491 So.2d 1120 (Fla. 1986); Parker v. State, 633 So.2d 72, 73 (Fla. 1st DCA 1994).
The State concedes that the sentencing documents do not reflect credit for the prior prison time served, but it correctly points out that this sentencing error was not preserved below. Nevertheless, a sentence that fails to grant proper credit for time served is an illegal sentence. See State v. Mancino, 714 So.2d 429, 433 (Fla. 1998). And, because an illegal sentence is fundamentally erroneous, it may be corrected on direct appeal. See Bain v. State, 730 So.2d 296, 305 (Fla. 2d DCA 1999). Accordingly, we remand with directions that Trotter be awarded the appropriate credit for time served. Trotter need not be present.
Affirmed in part, remanded with directions.
FULMER, A.C.J., and WHATLEY and CASANUEVA, JJ., Concur.