774 So.2d 785 (2000)
Daniel Louis SELBY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-159.
District Court of Appeal of Florida, Fifth District.
December 15, 2000.
*786 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Daniel L. Selby ["Selby"] appeals his convictions for racketeering and conspiracy to commit racketeering. He also appeals the sentences he received for uttering a forged instrument.
Selby first contends that he was entitled to a judgment of acquittal on the charge of racketeering and conspiracy to engage in racketeering because of the failure to prove he was associated with an "enterprise." The Florida Supreme Court recently discussed the "enterprise" element of Florida's RICO statute at length in Gross v. State, 765 So.2d 39 (Fla.2000). In Gross, the court noted that Florida's RICO statute is patterned after the Federal Act, and that Florida courts have therefore looked to the federal courts for the meaning and interpretation of Florida's statute. Federal courts appear to have held that the "enterprise" element requires proof of the existence of a group, while proof of a "pattern of racketeering activity" requires proof of the criminal acts engaged in by the group:
The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute. The former is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise. While the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other. The "enterprise" is not the "pattern of racketeering activity"; it is an entity separate and apart from the pattern of activity in which it engages. The existence of enterprise at all times remains a separate element which must be proved by the Government.
Gross, citing United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) (emphasis added) (citation omitted).
In Gross, the Florida Supreme Court acknowledged that there has been a divergence among the federal circuits regarding the proof required to show the existence of an "enterprise," with several federal circuits narrowly construing the enterprise requirement to require a showing that the "enterprise" is an ongoing and separate entity beyond the mere commission of the alleged predicate criminal acts. See, e.g., United States v. Fiel, 35 F.3d 997, 1003 (4th Cir.1994); United States v. Sanders, 928 F.2d 940, 943-44 (10th Cir.1991); United States v. Riccobene, 709 F.2d 214 (3d Cir.1983); United States v. Bledsoe, 674 F.2d 647, 665 (8th Cir.1982). Other circuits have adopted a broader view of the definition of enterprise and have rejected the requirement of any "ascertainable structure." The high court in Gross agreed with the broader view, holding "that in order to prove an enterprise, the State need only establish two elements: (1) an ongoing organization, formal or informal, with a common purpose of engaging *787 in a course of conduct, which (2) functions as a continuing unit." Gross, 765 So.2d at 45. The first element may be proved with evidence of common purpose among the members. Id. The second element, continuity, exists where an unchanging pattern of roles is necessary and utilized to carry out the predicate acts of racketeering. Id. The court disapproved Boyd v. State, 578 So.2d 718 (Fla. 3d DCA), review denied, 581 So.2d 1310 (Fla. 1991), an opinion of the Third District which had outlined a three-part test for the existence of an "enterprise."
Under Gross, the trial court properly denied Selby's motion for a judgment of acquittal. There was clearly evidence of an ongoing organization, consisting of members with a common purpose of engaging in a particular course of conduct. One group used fake ID's to cash corporate checks at grocery stores or buy products for resale. Selby's role was to supply this group with false identification and checks, which he obtained from Timothy Mosier, who manufactured them on his computer. A second group also used grocery stores to cash fake corporate checks and had joined together for this specific purpose. Selby was an organizer in this group, which also obtained its checks and ID's from Mosier. Selby and Beasley recruited people to cash the checks from among their friends, family and acquaintances, often using the same people on more than one occasion to cash the fake checks. A similar organization was found by this court to constitute an "enterprise" for the purposes of the RICO statutes in Bejerano v. State, 760 So.2d 218 (Fla. 5th DCA 2000). Appellant relies on Brown v. State, 652 So.2d 877 (Fla. 5th DCA 1995), but Brown relied on the now discredited definition of enterprise described in Boyd, 578 So.2d 718.
Selby also complains on appeal that the sentences he received on counts 55 through 58 and on count 68 should be concurrent. Selby relies on Hale v. State, 630 So.2d 521, 524-25 (Fla.1993), which held that consecutive habitual offender sentences could not be imposed for multiple crimes committed during a single criminal episode. Selby's reliance on Hale is misplaced. The charges involved in counts 55 through 58 and count 68 involved the presentation of separate fake checks at different Winn-Dixies on June 20 and June 22, 1997, while count 68 involved the Computer City charges. These offenses do permit the imposition of consecutive terms. See, e.g., Trotter v. State, 744 So.2d 583 (Fla. 2d DCA 1999); Bell v. State, 740 So.2d 1259 (Fla. 4th DCA 1999); Arroyo v. State, 704 So.2d 655 (Fla. 4th DCA 1997); Sprow v. State, 639 So.2d 992 (Fla. 3d DCA 1994). See also Scott v. State, 627 So.2d 72, 73 (Fla. 5th DCA 1993).
AFFIRMED.
HARRIS and ORFINGER, R.B., JJ., concur.