787 So.2d 150 (2001)
Horace WILCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2714.
District Court of Appeal of Florida, Fourth District.
May 2, 2001.
*151 Paul M. Herman, Palm Beach Gardens, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Wilcher was sentenced to consecutive habitual offender sentences imposed upon conviction for the offenses of kidnapping, false imprisonment, sexual battery, and burglary with a battery. Although we affirm the order adjudicating Wilcher to be a habitual violent felony offender, it was error to sentence him to two of the three consecutive enhanced sentences, as three of the four crimes grew out of a single criminal episode.
The trial transcript reflects that Wilcher and the victim had recently lived together. Several days after she asked him to move out, he broke into her apartment and attacked her. After a struggle in which he battered her, moved her about the apartment, and prevented her from escaping, he committed sexual battery. He then put the victim in her car, locked all the doors, and drove off with her as captive. When Wilcher stopped for gas, he tied the victim's hands to the stick shift, but she managed to free herself, unlock the car, and run behind the store. She screamed for help, but Wilcher grabbed her and threw her back into the car. He subsequently made her get out of the car and pushed her into the trunk. Eventually, the victim was able to escape.
The habitual offender statute, section 775.084(4), Florida Statutes, does not permit the imposition of consecutive habitual offender sentences for crimes *152 arising out of a single criminal episode. See Hale v. State, 630 So.2d 521 (Fla.1993). There is, however, no bright line for determining whether a criminal episode is single for purposes of evaluating consecutive enhancement sentences. See Echelmeier v. State, 662 So.2d 994, 995 (Fla. 2d DCA 1995). In Smith v. State, 650 So.2d 689 (Fla. 3d DCA 1995), the court recognized
In determining whether multiple crimes arise out of one criminal episode for purpose of consecutive sentencing, courts have generally considered factors such as the nature, time, place and number of victims.
Id. at 691.
In Garrison v. State, 654 So.2d 1176 (Fla. 1st DCA 1994), where the defendant robbed a convenience store clerk, walked out of the store, then turned around, re-entered the store, and threatened to kill the clerk, the court held that the temporal break, if any, between the two crimes was too brief to support the imposition of consecutive habitual offender sentences. See id. Similarly, in this case, the burglary, kidnapping, and sexual battery, while occurring at various locations in and around the victim's apartment, were part of the same criminal transaction as the temporal and spatial breaks, if any, were brief.
However, the crimes which occurred at the victim's residence were clearly separated in time and place from the subsequent false imprisonment which occurred in the victim's car. See Murray v. State, 491 So.2d 1120 (Fla.1986); Trotter v. State, 744 So.2d 583 (Fla. 2d DCA 1999).
We have considered, but distinguish, our holding in Cox v. State, 605 So.2d 978 (Fla. 4th DCA 1992), where we found consecutive habitual offender sentences for kidnapping and sexual battery improper, as there, the kidnapping, where the defendant forced a convenience store clerk out of the store and over a concrete wall, led directly to, and was part of, the same criminal episode as the sexual battery at the new location. By contrast, in this case, the kidnapping and sexual battery ended prior to the false imprisonment.
Therefore, the sentences for the kidnapping, sexual battery, and burglary, counts I, IV, and V, respectively, are reversed and remanded for re-sentencing. The false imprisonment sentence on count II, which was imposed as consecutive to the kidnapping sentence, is affirmed.
DELL and KLEIN, JJ., concur.