990 So.2d 671 (2008)
Anthony ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1129.
District Court of Appeal of Florida, Fourth District.
September 18, 2008.
*672 Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
We withdraw our previously issued opinion and substitute the following in its place.
Appellant challenges his conviction based upon the admission of a nurse's inadmissible hearsay testimony relating the victim's explanation of how she was attacked. The victim's statements were not statements necessary for the purpose *673 of medical diagnosis, and the court erred in admitting them. Nevertheless, the admission was harmless error where the victim herself testified to the same facts. We thus affirm appellant's conviction. However, we reverse his consecutive mandatory sentences, because they arise from the same criminal episode.
The state charged the appellant Anthony Roberts with counts of sexual battery, armed kidnapping, burglary with an assault or battery, armed robbery, and aggravated assault, the first four of which were charged as having been committed with a firearm. At trial, the victim testified that she arrived home to her apartment one evening and opened her door to turn off her alarm. She stuck her head back outside the door to pick up a Fedex package when she was confronted by a man (Roberts) who pointed a gun at her head and forced himself into her apartment.
Once inside, Roberts taped the victim's wrists and mouth while going through her wallet. Discovering that she had a checking account, he removed the tape so she could write him a check for $1400. He then took her into the bedroom, taped her again, and proceeded to sexually assault her. After threatening her if she were to go for help, he left.
The victim called her mother and then the police. While the officers were at her apartment, a check cashing company called to verify the check that Roberts had taken to the company. The police were able to apprehend Roberts based upon the identification and thumbprint he left at the check cashing business.
The jury returned a verdict of guilty on all charges. The trial court imposed consecutive life sentences as to the first four counts which the jury found were committed with a firearm, and a concurrent sentence as to the aggravated assault charge. From these convictions and sentences, Roberts appeals.
Roberts claims his conviction should be reversed and remanded for a new trial because the state was allowed to introduce inadmissible hearsay testimony. At trial the state called a nurse who interviewed the victim at the sexual assault treatment center. Defense counsel objected to the following portion of the nurse's testimony:
[The victim] told me that she had just gotten in and there was a package at her door. She bent down to pick up the package and the assailant was behind her when she stood up. He went into the apartment with her and closed and locked the door. He told her to kneel down and to hold her head down. He asked her for her ATM card and then asked her to write a check for him which she did for $1400. He then took her into the bedroom and took her pants and underwear off and had sexual intercourse with her. She said he put a pillow case over her head before he had intercourse with her.
This statement is clearly inadmissible hearsay and not within the exception for medical treatment. An exception to the hearsay rule, section 90.803(4), Florida Statutes, provides:
Statements made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment, ... which statements describe medical history, past or present symptoms, pain or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.
Statements of fault, even if uttered contemporaneously with statements made for purposes of medical treatment, are not admissible under section 90.803(4). Torres-Arboledo *674 v. State, 524 So.2d 403, 407 (Fla.1988). While statements explicitly accusing the defendant are clearly statements of fault, the courts have also deemed inadmissible statements describing the assailant or the manner in which the crime occurred. See id. (portion of doctor's testimony that "black people tried to steal his medallion and shot him" not covered by the exception); Conley v. State, 620 So.2d 180, 184 (Fla.1993) (where doctor repeated victim's statement to him that she was raped at gunpoint, supreme court held that the "`assault at gunpoint' portion of the statement was inadmissible because it was not reasonably pertinent to medical treatment."); Esteban v. State, 967 So.2d 1095, 1099 (Fla. 4th DCA 2007) (doctor's testimony that victim knew her attacker "constituted hearsay and was not for the purpose of medical diagnosis").
Clearly, the testimony at issue does not fall within the exception provided by section 90.803(4). The nurse did not need to know, for example, the way in which the assailant gained access to the victim's apartment or the facts surrounding the theft in order to conduct the medical examination. Thus, the court erred in admitting the testimony at issue except for those statements directly relevant to the act of sexual intercourse or injuries the victim may have suffered.
What makes this error egregious is the fact that the court actually had serious doubts about the testimony's admissibility on this very ground. The prosecutor assured the trial court that case law supported its admissibility. The trial court replied, "You've had a lot more of these trials than I have. If you're telling me this is supported by the case law, I don't see it as being necessarilyit's certainly not treatment. I'm not sure if you can categorize it as a diagnosis." As an officer of the court, the prosecutor had the obligation not to misrepresent the law to the court. Here, where the law is so clear, the prosecutor's argument violated that principle.
Nevertheless, this is not a reversible error, as the admission of the nurse's testimony was harmless beyond a reasonable doubt. See Esteban, 967 So.2d 1095. We therefore affirm the conviction.
In sentencing Roberts, the court imposed four life sentences for the counts of sexual battery, armed kidnapping, burglary with an assault or battery, and armed robbery. Because Roberts carried a firearm when committing these crimes, the court imposed four consecutive ten-year mandatory minimum sentences. Roberts argues that imposing consecutive sentences was illegal because all charges were part of one criminal episode.
The trial court imposed mandatory minimum sentences pursuant to section 775.087(2)(d), Florida Statutes, which provides:
It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
It is now established that imposition of consecutive mandatory minimum sentences is prohibited where the convictions arise out of a single criminal episode during which a firearm is used but not fired. Perry v. State, 973 So.2d 1289, 1289-90 (Fla. 4th DCA 2008); Irizarry v. State, 946 *675 So.2d 555 (Fla. 5th DCA 2006). In sentencing Roberts, the trial court relied on the supreme court's holding in State v. Sousa, 903 So.2d 923 (Fla.2005). However, in Irizarry, Judge Griffin thoroughly explains that an analysis of Sousa, Palmer v. State, 438 So.2d 1 (Fla.1983), State v. Thomas, 487 So.2d 1043 (Fla.1986), and State v. Christian, 692 So.2d 889 (Fla. 1997), shows that consecutive mandatory minimum sentences under the statute are not permitted where the defendant does not fire the weapon. We agree with this analysis.
Conceding that Roberts used but did not discharge a firearm, the state argues that the crimes which gave rise to the consecutive mandatory minimum sentences were sufficiently separated in time and space to constitute separate criminal episodes. "There is ... no bright line for determining whether a criminal episode is single for purposes of evaluating consecutive enhancement sentences." Wilcher v. State, 787 So.2d 150, 152 (Fla. 4th DCA 2001). "Whether the two offenses were committed during a single criminal episode is a question of fact." Williams v. State, 804 So.2d 572, 574 (Fla. 5th DCA 2002). In resolving this question of fact, the courts "generally consider[] factors such as the nature, time, place and number of victims." Wilcher, 787 So.2d at 151 (quoting Smith v. State, 650 So.2d 689, 691 (Fla. 3d DCA 1995)).
In Wilcher, the defendant broke into the victim's apartment, battered her, moved her about the apartment, prevented her from escaping, and raped her. These actions resulted in charges for kidnapping, sexual battery, and burglary with a battery. This court held that the trial court erred in imposing three consecutive mandatory minimum sentences for the three crimes committed in the victim's apartment as they were not sufficiently separated by time and space to constitute separate criminal episodes.
The present facts are similar to the facts in Wilcher. Roberts committed the four crimes inside the victim's apartment over the course of forty-five minutes to an hour. Like the defendant in Wilcher, Roberts entered the victim's apartment, battered her, moved her about the apartment while robbing her, and ultimately sexually battered her. Only one victim was involved at one place and over a short period of time. Under these facts, all crimes arose from a single criminal episode and should not have resulted in consecutive mandatory sentences.
We therefore affirm the conviction but reverse the sentences imposed consecutively and remand for imposition of concurrent mandatory sentences.
STEVENSON and MAY, JJ., concur.