SHEPHERD, J.
 

 This is a direct appeal by Courtney Robinson of his convictions and sentences for fleeing to elude a police officer and burglary with the intent to commit the offense of resisting an officer without violence. We find no merit to Robinson’s first point on appeal, that the trial court erred by denying his motion for judgment of acquittal on the fleeing to elude charge. On Robinson’s second point, we find the court erroneously imposed consecutive habitual felony offender sentences against the defendant, because the two crimes for which Robinson was found guilty arose out of the same criminal episode.
 

 On February 7, 2007, at approximately 11:30 p.m., a Miami-Dade police officer encountered a suspicious vehicle with dark tinted windows in the area of 152nd Avenue and 288th Street in Naranja, Florida. The officer ran the tag on the vehicle and learned it was not assigned to the car he was following. He then decided to conduct a traffic stop and activated his overhead police lights. The driver of the vehicle, who turned out to be Robinson, accelerated and made an “erratic” turn into a residential neighborhood, requiring the officer to deactivate his police lights pursuant to a
 
 *1247
 
 police rule prohibiting police chases in the neighborhood. Although the officer tried to follow Robinson, Robinson made several quick turns and lost the officer. A short time later, the officer rediscovered the vehicle, Robinson included, parked in front of a house next to a chain link fence. The officer re-activated his police lights as he approached Robinson’s car, prompting Robinson to exit the vehicle, jump over the fence and run. The officer pursued on foot, but again lost his suspect.
 

 One street away, Robinson somehow gained access to a home occupied by two women who apparently were known to him. He did not have permission to enter the home. When asked to leave, he refused, stating the police were after him. After one of the women was able to contact the police, officers arrived, entered the house and found Robinson hiding inside a bedroom closet.
 

 Robinson was found guilty of fleeing to elude a law enforcement officer, burglary with the intent to commit the offense of resisting an officer, resisting an officer without violence, and driving with a suspended license. The trial court sentenced Robinson as a habitual violent offender on the two felony counts, and imposed consecutive sentences of thirty years in prison for burglary, followed by ten years for fleeing to elude a police officer. He further was ordered to serve 364 days for resisting an officer and sixty days for driving with a suspended license concurrent to his felony terms. The trial court erred in imposing the consecutive sentences.
 

 The Florida Supreme Court has long held a trial court is not authorized to enhance both the defendant’s sentences as a habitual offender and make each of the enhanced sentences consecutive when they arise out of the same criminal episode.
 
 Hale v. State,
 
 630 So.2d 521, 525 (Fla.1993). “There is ... no bright line ... for determining whether a criminal episode is single for purposes of evaluating consecutive enhancement sentences.”
 
 Wilcher v. State,
 
 787 So.2d 150, 152 (Fla. 4th DCA 2001);
 
 see also Roberts v. State,
 
 990 So.2d 671, 675 (Fla. 4th DCA 2008). Generally, the courts have considered whether separate victims are involved, whether the crimes occurred in separate locations, and whether there has been a temporal break between the incidents.
 
 Smith v. State,
 
 650 So.2d 689, 691 (Fla. 3d DCA 1995). In this case, we find the temporal break factor to be decisive. Although the crimes were separate crimes, committed against separate victims — a police officer and two women — at different locations, they are united by the defendant’s sole purpose to elude the police officer and committed within a short period of time in the same neighborhood. For this reason, we reverse and remand this case for re-sentencing.
 

 Affirmed in part; reversed in part with directions.