MORRIS, Judge.
Nathan Jones appeals the postconviction court’s order denying his motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). We affirm the denial of ground two without comment. We write only to explain why we affirm on ground one even though the postconviction court improperly denied Mr. Jones’ motion as successive.
In 1990, Mr. Jones pleaded no contest to robbery with an aggravated battery and aggravated battery on a victim sixty-five years or older. See § 784.08(2)(a), Fla. Stat. (1989). In a motion filed on December 20, 2012, Mr. Jones claimed that his sentence was illegal because the information failed to charge that he had actual knowledge that the victim was sixty-five years of age or older and failed to reference the specific statute under which he was charged. The postconviction court denied the motion, finding that it was successive because Mr. Jones had previously raised the issue in a January 2012 rule 3.800(a) motion.
However, in his January 2012 motion, Mr. Jones had alleged that his sentence was illegal because the State failed to prove that he had actual knowledge that the victim was sixty-five years of age or older. While these claims are closely related, they are not identical, and the denial on the merits of the January 2012 motion does not render the allegation in the December 20, 2012, motion successive. See Fuston v. State, 764 So.2d 779, 779-80 (Fla. 2d DCA 2000) (addressing defendant’s rule 3.800(a) motion on the merits where the claim was related but “technically [was] not the ‘specific issue’ ” raised in a prior motion).
Nevertheless, we affirm the denial of Mr. Jones’ motion because it is merit- *414 less for another reason — he relies upon case law that does not apply to the information that charged him with aggravated battery on a person sixty-five years of age or older. After Mr. Jones’ judgment and sentence became final, the Fourth District decided State v. Nelson, 577 So.2d 971 (Fla. 4th DCA 1991), which held that to sustain a conviction under section 784.08(2), the State must charge and prove that the defendant actually knew the victim was sixty-five years of age or older. The Nelson court’s interpretation of section 784.08(2) was adopted by this court and other district courts of appeal. See Cochran v. State, 622 So.2d 166, 166-67 (Fla. 2d DCA 1993); Smith v. State, 650 So.2d 689, 691 (Fla. 3d DCA 1995); Gordon v. State, 603 So.2d 512, 513-14 (Fla. 1st DCA 1992). But Mr. Jones cannot establish that his sentence is illegal because the holdings of these cases do not apply retroactively to his 1990 conviction. See Witt v. State, 387 So.2d 922, 931 (Fla.1980) (requiring that a case be decided by the United States Supreme Court or Florida Supreme Court in order to apply retroactively). Furthermore, the statute has since been amended to remove the requirement that the defendant actually knew the victim was sixty-five years of age or older. See ch. 92-50, § 1, at 490, Laws of Fla.
Affirmed.
KHOUZAM and BLACK, JJ., Concur.