DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FREDDIE LEE McLAWHORN, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2508

[January 6, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan Vaughn, Judge; L.T. Case No. 562010CF000850B.

Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Freddie McLawhorn was convicted of several crimes, including felony murder and burglary, stemming from a break-in that resulted in the death of a young woman. Appellant appeals both the admission of certain testimony at trial and his sentence. Although we hold the trial court properly admitted the testimony, we agree that Appellant's sentence is improper and must be recalculated on remand.

First, we hold the trial court did not err by admitting testimony recounting Appellant's co-conspirator's statements. Out-of-court statements offered for the truth of the matter asserted are hearsay and generally inadmissible. § 90.801, Fla. Stat. (2013). However, under section 90.803(18)(e), Florida Statutes (2013), a statement offered against a party that is "[a] statement by a person who was a coconspirator of the party during the course, and in furtherance, of the conspiracy" is admissible as an exception to the hearsay rule. In this case, the State sufficiently proved the existence of a conspiracy, as there was evidence at trial that the men purchased ammunition together for use in the robbery, drove to the robbery together, and split the stolen goods. This is suitable

proof of conspiracy to allow the admission of the co-conspirator's statements under section 90.803(18)(e).

Appellant also argues the trial court improperly calculated his sentence. Appellant was convicted of four counts: 1) felony murder; 2) burglary with a firearm causing great bodily harm or death; 3) possession of a firearm by a felon; and 4) possession of ammunition by a felon. Appellant was sentenced to life for both counts 1 and 2, to be served concurrently. He was sentenced as a habitual felony offender on counts 3 and 4, and received thirty years for count 3, to be served consecutively to counts 1 and 2, and another thirty years for count 4, to be served consecutive to the time from count 3. Appellant argues that the court should not have ordered his sentence in count 3 to run consecutively to the sentences from counts 1 and 2 because it arose from the same episode as those counts. He contends that *Hale v. State*, 630 So. 2d 521 (Fla. 1993), prevents the imposition of a habitual felony offender sentence consecutively to other offenses from the same episode. We agree.

In *Hale*, a defendant was charged with both possession and sale of cocaine. *Id.* at 522. The trial court sentenced him to two twenty-five-year violent felony offender terms, to be served consecutively. *Id.* at 523. The Florida Supreme Court reversed, holding that where a sentence was already enhanced under section 775.084, Florida Statutes, the "enhanced maximum sentences must run concurrently." *Id.* at 524. The court found:

> nothing in the language of the habitual offender statute which suggests that the legislature also intended that, once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively.

*Id.* In the instant case, the State maintains that the third count, possession of a firearm by a felon, was not necessarily based on the same criminal episode as the murder and robbery counts. In furtherance of its argument, the State contends Appellant must have had the gun before he actually arrived at the victim's home. However, the State did not present evidence of another time in which Appellant possessed a firearm (in contrast to the possession of ammunition count, as there was security video entered into evidence that showed Appellant purchasing the ammunition several days before the shooting).

"Whether . . . offenses were committed during a single criminal episode is a question of fact." *Roberts v. State*, 990 So. 2d 671, 675 (Fla. 4th DCA

2008) (quoting *Williams v. State*, 804 So. 2d 572, 574 (Fla. 5th DCA 2002)). "There is, however, no bright line for determining whether a criminal episode is single for purposes of evaluating consecutive enhancement sentences." *Wilcher v. State*, 787 So. 2d 150, 152 (Fla. 4th DCA 2001). "In determining whether multiple crimes arise out of one criminal episode for purpose of consecutive sentencing, courts have generally considered factors such as the nature, time, place and number of victims." *Id.* (quoting *Smith v. State*, 650 So. 2d 689, 591 (Fla. 3d DCA 1995)).

In this case, the trial court did not make an explicit finding as to whether this was a single episode. The charging instrument only accused Appellant of having a firearm on "March 6, 2010 or March 7, 2010," which corresponds to the night of the crime. Thus, the record indicates that this offense (possession of a firearm by a felon), the robbery, and the murder were part of a single criminal episode. Therefore, consistent with *Hale*, Appellant's habitual felony offender sentence on count 3 should not have been imposed consecutively to the sentences for counts 1 and 2.

Accordingly, we remand to the trial court for resentencing in accordance with this opinion.

*Reversed in part and remanded for resentencing.*

WARNER and TAYLOR, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3